## Raymond S. Benham v. Matilda C. Benham.

1. Divorce—*Proper Manner of Allowing Suit Money Under Ch. 40, Sec. 15, R. S.*—The fixing of the amount of suit money is within the discretion of the court. The amount to be fixed must depend upon the circumstances of the case, being in the language of the statute "such sum of money as may enable her to maintain or defend the suit." The court should not arbitrarily fix the amount, but the order therefor should be based upon the requirements of expense for prosecution or defense, as evidenced by pleadings, affidavits or examinations in court. Under some circumstances, an order for suit money may be made before answer is filed, but in such case an affidavit should be filed setting forth, at least in general terms, the items of expense.

Divorce.—Appeal from the Circuit Court of Cook County; the Hon. Charles A. Bishop, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed March 31, 1903.

Joseph W. Latimer and Milford J. Thompson, attorneys for appellant.

Frank F. Douglass, attorney for appellee; A. B. Jenks, of counsel.

Benham v. Benham.

MR. JUSTICE BURKE delivered the opinion of the court.

The appeal in this case is from an order of the Circuit Court allowing appellee $200 to maintain her suit for divorce. She filed her bill charging appellant, her husband, with extreme and repeated cruelty and with selling his property to his daughter and with making false entry of charges upon his books for the purpose of defrauding his wife, and the bill also contained a prayer for a decree of divorce. Various amendments to the bill were subsequently made. Before answer filed, application to the court was made for an allowance to her for solicitor's fees and suit money. The court made an allowance of $150 for solicitor's fees in addition to an allowance of suit money.

The question arises, was the allowance for suit money, under the facts in this case, premature and improper?

At common law, a wife destitute of means was entitled to an allowance sufficient to defray her expenses in the suit. The power to make such allowance was considered incident to divorce suits. The court, therefore, having jurisdiction of the suit, is from time to time to make a proper allowance according to the circumstances. Lake v. Lake, 16 Nev. 363. The statute of this state is only declaratory of the common law and is:

" In all cases of divorce the court may require the husband to pay to the wife, or pay into court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit." Chapter 40, paragraph 15, Revised Statutes.

Suit money consists of a sum designed to meet all expenses (not including solicitor's fees) to which the wife may be put in prosecuting or defending the suit, including therein the fees of witnesses and the expenses of procuring their testimony, and even a reasonable amount for investigating and acquiring information as to the circumstances of the case. 1 Ency. of Pleading and Practice, 452. It is true the fixing of the amount of suit money is within the discretion of the court, but it will be observed that the amount to be fixed must depend upon the circumstances of the case,

and in the language of the statute, " Such sum of money
as may enable her to maintain or defend the suit." It
therefore follows the court should not arbitrarily fix the
amount, but the order therefor should be based upon the
requirements of expense for prosecution or defense, as evi-
denced by pleadings, affidavits or examinations in court. In
the case at bar, the order for suit money was made before
issue was joined or an answer or other pleading in behalf of
defendant were filed. Upon an examination of the record
before us, we find no facts whatever upon which the order
in question could have been based. At the time that the
order was entered it was not made to appear that the defend-
ant would file an answer to the bill and contest its allega-
tions. No showing was made that the complainant could
anticipate the nature or extent of resistance, if any, which
would be made by the defendant. Under some circum-
stances an order for suit money may be made before answer
is filed; but in such case an affidavit should be filed setting
forth, at least in general terms, the items of expense. It
frequently is the case that all the items of expense money
can not be anticipated. For such case as the one before
us the statute has provided, not that the money be paid to
the wife, but that it be paid into court for her use, from
time to time, during the pendency of the suit.

We have carefully read the record, very much of which
has no bearing upon the matters appealed, and would have
approved the order, if it had provided that the suit money
be paid into court to be used by the complainant, as found
necessary.

The appellee would be to some expense in proving up her
case, even in the event of default; but this record does not
disclose to any extent whatever, whether that expense
would be $10 or $30 or $50, or what sum it would be.

In the Maryland and Pennsylvania cases, where this sub-
ject of allowing suit money has been frequently considered,
it will be found that in no instance has an order therefor
been made until issues were joined, and further, so far as
we have examined, invariably based upon affidavits filed by
the appellant.

The order of the Circuit Court allowing suit money in the sum of $200 must be reversed and the cause remanded for failure on the part of complainant to show grounds for such order.