**TREADWAY, Plaintiff-Appellee v TEWKSBURY, Defendant-Appellant, and FARM BUREAU LIFE INSURANCE COMPANY, Defendant-Appellee.**

Ohio Appeals, 2nd District, Franklin County.

No. 3525.   Decided November 4, 1942.

Russ Bothwell, Columbus, for plaintiff-appellee.

Power & Barton, Columbus; Edward W. Barrett, Chillicothe, for defendant-appellant, Marie Tewksbury.

L. E. Bilger, Columbus; Kenneth Howell, Columbus, for Farm Bureau Life Insurance Company.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of the appeal of Marie Tewksbury on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

On April 25, 1941, one Everett Delmont Tewksbury purchased life insurance policy No. 86573 on his life, in the defendant Insurance Company, of the face value of $2165.00, making the following provision relative to beneficiaries:

"To—Anna Belle Tewksbury, wife, if living, payable $1000.00 immediate, balance $50.00 a month for 24 months. Installments as stated, including 3% interest; otherwise to Marie Tewksbury, mother, payable under same settlement provisions—, the beneficiary, at its home office, immediately upon receipt of due proof of the death of Everett Delmont Tewksbury, the insured, during the continuance of this policy."

On September 28, 1941, Everett Delmont Tewksbury was killed in an airplane accident at Chillicothe, Ohio.

Anna Belle Treadway, fiancee of Everett Delmont Tewksbury, and Marie Tewksbury, mother, both make claim to the insurance due under the policy.

The defendant Farm Bureau Life Insurance Company admits liability, but asks the court to determine which of the two claimants is entitled to receive the proceeds of the policy.

Anna Belle Treadway was never married to Everett Delmont Tewksbury, but was engaged. The evidence seems to be conclusive that the Anna Belle mentioned in the policy as Anna Belle Tewksbury, wife, was in fact Anna Belle Treadway. Evidence was introduced by way of letters from Everett to Anna Belle, in which he addressed her as wife in several instances. Anna Belle also testified that on several occasions Everett introduced her to his chums as his wife. Anna Belle admits that she and Everett were never married, nor did they ever assume the marriage relation. She further testifies that Everett explained the improper designation as saving further bother, since they would soon be married.

The evidence in the case takes a rather wide scope, calculated to present equitable grounds why one beneficiary should be preferred over the other. Under the law as we find it, the case must be decided on the construction of the beneficiary clause above quoted in full.

The law is very definitely settled in Ohio that the insured may designate any person as beneficiary. We therefore do not have the question sometimes referred to in text books and in other jurisdictions as "insurable inter-

est." The sole question in the instant case is whether or not evidence may be presented to show that Anna Belle Treadway was the person intended in the beneficiary clause under the name of Anna Belle Tewksbury.

We think the case of **Schmidt, Admr., v Prudential Insurance Company, 37 Oh Ap 258,** is in principle on all fours with the instant case. In the reported case Joseph Schmidt, while living in adultery with a woman whose first name was Anna, took out an insurance policy on his life. The beneficiary was designated as follows: "Payable to Anna Schmidt, beneficiary, wife of the insured."

Joseph Schmidt at the time of taking out the insurance policy and at the time of his death was married to a woman whose first name was Mary. It would necessarily follow that the purported beneficiary, Anna, could not be the wife of Joseph, nor was her name Schmidt.

The instant case is similar in that Anna Belle was not the wife of Everett, nor was her name Tewksbury.

This question does not seem to be discussed in the reported case. The reviewing court held in favor of Anna, the adulteress, on the sole theory that the insured had the absolute right to designate anyone whom he pleased as his beneficiary. It seems that no question was raised as to the method of proof as to the identity of the beneficiary.

The Schmidt case was also referred to by the Court of Appeals of the First District in the case of **Pierce v Metropolitan Life Insurance Company, et al., 46 Oh Ap 36.** In the Pierce case the sole question seems to be whether or not a named beneficiary who was living in adultery with the insured, could recover on a life insurance policy. It was held she could.

We are also referred to the case of **Overhiser, Admr., v Overhiser, et al., 63 Oh St 77.** We do not find this case at all helpful. A married woman was named as beneficiary of the policy of insurance, but before the death of the decedent she had obtained a divorce. The policy had not been changed in any way. The court held that the named beneficiary would be entitled to the proceeds of the policy nothwithstanding her divorce.

The same question was before our court in 1935, and the same pronouncement was made: **Valentine v Van Schoyck. 19 Abs 525.**

We think the trial court was correct in holding that the plaintiff, Anna Belle Treadway, was entitled to the proceeds of the insurance policy.

We therefore affirm the judgment of the trial court, and costs in this court will be adjudged against the appellant.

GEIGER, PJ., HORNBECK, J., concur.