### ERBAUGH, ESTATE OF, In re.

### VAN HORN et, Appellees v ERBAUGH, Admrx., Appellant.

Ohio Appeals, 2nd District, Montgomery County.

No. 1745. Decided February 26, 1943.

Jacobson & Durst, Dayton, for Claimants-appellees.

Marshall, Harlan & Marshall, Dayton, for administratrix, Mary H. Erbaugh, appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Probate Court authorizing the appellees to present their claims against the estate of Jack Erbaugh, deceased. The errors assigned are in the admission of certain evidence offered on behalf of appellees; in granting and allowing the petition of appellees to present and file claim against the estate of Jack Erbaugh, deceased, with the administratrix of said estate more than four months after the appointment of said administratrix.

The pertinent facts are that the decedent, Jack Erbaugh, was the son of Dr. G. L. Erbaugh and Mary H. Erbaugh. Dr. Erbaugh was the insured in a policy of indemnity insurance with the State Automobile Mutual Insurance Company. On January 26, 1941, Jack Erbaugh was driving the automobile of his father when it collided with an automobile in which the appellees, Russell Van Horn and Caroline M. Van Horn, his wife were riding, resulting in property damage to the automobile and personal injuries to both of them. It

is claimed that by the terms of the policy it also indemnified Jack Erbaugh while he was driving the automobile of his father, the insured.

On March 28, 1941, Jack Erbaugh was killed. On April 19, 1941, Mary H. Erbaugh, mother of Jack Erbaugh, was appointed administratrix of his estate by the Probate Court of Montgomery County. The estate was settled on November 1, 1941. The total assets were less than the amount of the only claim presented against the estate.

On January 19, 1942, nine months after the appointment of the administratrix of the estate of Jack Erbaugh, deceased, an application was presented to the Probate Court of Montgomery County, ·Ohio, seeking to have the estate opened up for the purpose of fully administering the estate. This application was granted and on the same day a petition was filed on behalf of the Van Horns, setting up their claim for damages suffered by reason of the collision with the Erbaugh automobile and seeking authority from the court to present their claims against the estate, for the reason that they did not know of the appointment of an administratrix for said estate until the date of the filing of the petition.

The matter came on for hearing, the administratrix being represented by Mr. A. McL. Marshall of the firm of Marshall, Harlan & Marshall, which firm, counsel for claimants insisted, was representing the State Automobile Mutual Insurance Company and not the administratrix. The administratrix during the proceedings incident to the administration of the Jack Erbaugh estate had been represented by other counsel, Clifford R. Curtner.

Mr. Marshall stated to the court, professionally, "I am here appearing on behalf of Mrs. Erbaugh and anybody else who has any interest in the matter."

The court permitted full disclosure of the transactions between the Van Horns and the agent of the insurance company succeeding the collision in which they were involved. It appeared that the insurance company had negotiated at length with both of the Van Horns, had taken their statements, had investigated the property damage to Mr. Van Horn's automobile, had caused the company doctor to examine Mrs. Van Horn as to the nature and extent of her injuries. The amount of the adjustment of the claim of the Van Horns had been discussed with the agent of the company. It appeared that Dr. and Mrs. Erbaugh, later the administratrix, knew of the injuries suffered by the Van Horns, having seen them on the night of the collision shortly after its occurrence. Mrs Erbaugh testified that she knew that the Van Horns had presented a claim to the insurance company for injuries and property damages growing out of the collision which was being investigated by the company, altho, she states that she did not know that the claim of

the Van Horns was being taken care of and investigated after her appointment as administratrix.

The petition set out at length the relationship of the insurance company to the claim of the Van Horns, its presentation to the company, and the negotiations between the Van Horns and the company. The prayer of the petition was, that if the pleaded facts do not constitute a due presentation of petitioners' claim against the estate of the decedent, or a waiver thereof, the court reinstate their claim against the estate of the decedent. A hearing was held in May, 1942, and on August 1, 1942, the court made its order granting the prayer of the petition in the following language:

"It is, therefore, by the court considered, ordered, and adjudged that the petition of Caroline M. Van Horn and Russell Van Horn asking this court for authority to now present their claim against the estate of Jack Erbaugh, deceased, is hereby granted and allowed, and each of them is hereby authorized to now present his or her claim to the administratrix; * * *."

## ADMISSIBILITY OF TESTIMONY.

The first error assigned is the admission of any testimony respecting the transactions between the insurance company and the Van Horns.

At the outset it was incumbent upon the trial judge to determine what statutes controlled as to the essentials of proof to authorize the reinstating of the barred claim of appellees, specifically, whether §10509-134 GC, as effective prior to August 22, 1941, or that section, as effective after said date. If the former section applied, then the obligation upon the claimants was to prove that they were not chargeable with culpable neglect in failing to present their claim within the time prescribed by law and that justice and equity required that they be permitted to present their claim to the administratrix.

It will be observed that on August 19, 1941, four months had elapsed after the appointment of the administratrix. The new section, §10509-134 GC, as before stated, became effective August 22, 1942. The trial judge held, and counsel for neither of the parties seriously question the correctness of the ruling, that the last enacted statute was controlling under the authority of Re Estate of Steltenpohl, 53 Oh Ap, 541, Re Estate of Murphy, 29 O. N. P. (N. S.), 183.

Section 10509-112 GC, effective as of the date of the appointment of the administratrix provided in part,

"Creditors shall present their claims. whether due or not due, to the executor or administrator within four months after the date of

his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation."

Under this section, as then effective, there had been some uncertainty and considerable discussion as to the necessity of presenting a claim arising out of tort to an administrator.

In a carefully considered article appearing in 11 Ohio Opinions under the title The Necessity for Presenting Tort Claims to Executors and Administrators, Judge Carl A. Wineman of the Common Pleas Court of Jefferson County, concluded that, as to such claims, presentation to the fiduciary was not required and in support thereof cited two Ohio Appellate reports and many cases from other states than Ohio. However, the Supreme Court of Ohio in **Pierce v Johnson, Executor, 136 Oh St, 95,** settled the question. It determined that a claim for unliquidated damages arising out of tort was not a contingent claim falling within the exception of §10509-112 GC and required presentation to the executor or administrator within the time specified in the statute. The new section, §10509-112 GC, expressly includes claims arising out of tort as among those which must be presented to the executor or administrator. This section also differs from the former section in that it requires that "all claimants shall present their claims to the executor or administrator in writing, * * *." So that, it was not incumbent upon the claimants in the instant case to present their claim in writing inasmuch as the statute enjoining that obligation was not effective prior to August 22, 1941.

If, therefore, the averments of the petition can be construed to allege that there had been a presentation of the claim of the petitioners within the four month period, and such averments were proper, it presented an entirely different question than if the averments were to be considered exclusively as having reference to §10509-134 GC. Likewise, because of the difference in the statutes, (§10509-112 GC) the question of what constituted a waiver was somewhat broader under the earlier section than under the latter.

We have grave doubts, if claimants had any right in the proceeding adopted to have determination whether or not they had presented their claim or if presentation had been waived. They elected to proceed under -134 of the section which is invoked only if the claim has not been presented or presentation waived within the four month's period.

What view the trial judge took of these questions at the time of the hearing in August, 1942, does not appear but when the written opinion (24 OO 58) which is before us was released, he commented only on the fact that the proceedings were controlled by §10509-134 GC.

Practically all of the testimony relating to the transactions of the Van Horns with the insurance company would have been admissible on behalf of the petitioners, if the question to be determined was whether they were chargeable with culpable neglect in failing to present their claims earlier, but, as this was not the matter for determination, we are unable to find any probative effect of such testimony.

There was under the averments of the petition at issue but one material fact incumbent upon claimants to establish, namely, that they did not have actual notice of the appointment of the administratrix in sufficient time to present their claim within the period prescribed by law. We hereinafter discuss this question. Obviously, none of the testimony respecting the relation of the insurance company to the claim of the petitioners was of any probative effect on the narrow question at issue. The court, therefore, erred in admitting this testimony. However, it is evident that inasmuch as it had nothing whatever to do with and reflected not at all upon the issue, it could not have been prejudicial to the appellant.

The next assignment of error which may be divided into two parts is that the court as a matter of law erred in granting the order as prayed by the petitioners.

### WHAT CLAIMANT MUST PROVE.

It is asserted that the petitioners failed to meet the requisites of proof set out in §10509-134 GC, which provides,

"A claimant who has failed to present his claim to the executor or administrator within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing, * * *. If upon hearing the court finds (a) that the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the time prescribed by law, or (b) that the claimant's failure to present his claim * * * was due to any wrongful act or statement on the part of the executor or administrator or his attorney, or (c) * * *, then the court may authorize such claimant to present his claim to the executor or the administrator after the expiration of such period; provided, however, that a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, * * * and no payment shall be made nor any action maintained thereon except as otherwise provided in this chapter with reference to contingent claims "

The petition averred that the petitioners did not have actual notice of the appointment of the administratrix in sufficient time to

present their claim within the period prescribed by law. They assert that their proof tended, also, to show that their failure to present their claim was due to a wrongful act or statement on the part of the administratrix or her attorney. This latter claim is made the basis for insistence that the testimony relating to the transactions with the insurance company was admissible. The petition, in our judgment, does not aver any wrongful act or statement on the part of the administratrix and did not support the admission of the testimony.

The aforesaid section provides,

"If upon hearing the court finds (a) that the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the time prescribed by law, * * * then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period."

As we understand it, the claim of appellants is, that if either condition in (a) appears the court may not authorize the petitioner to present his claim. We agree that (a) may be read as if preceded by the correlative of or either, and in the alternative. However, that which precedes (a) is vitally important, viz.: If upon hearing the court finds, etc. That is to say, the burden being upon the petitioner, "If the court finds", either, that the claimant did not have actual notice of decedent's death or finds that the claimant did not have notice of the appointment of the administrator, etc., then, he may authorize the presentation of the claim.

The section would bear the construction claimed by appellant, if it read, "If the court finds that claimant had knowledge of the appointment of the administrator or executor, etc., he may not permit the filing of the claim, or, if the phrases were connected by the conjunction "and", expressing the general relation of connection or addition.

EFFECT OF PROVISO IN §10509-134 GC.

Appellant next asserts that the proviso of §10509-134 GC that "a claim which is not presented within nine months of the appointment of the executor or administrator shall be forever barred as to all parties," etc., precludes the presentation of a claim after the limitation period even upon court order and a fortiori prevents such court order after said period.

The trial court holds that the language of the proviso refers to the presenting of the claim to the Probate Court by the filing of the petition for authority to present the claim to the fiduciary and directs attention to the fact that at two places in the section prior

582

to the proviso, the expression is employed "present his claim to the executor or administrator" and therefore urges that, inasmuch as in the proviso the language "to the executor or administrator" does not appear, the word "presented" means presented to the court. The court further held that the presentation to the administratrix under the order of the court may be made after the limitation period provided in the section.

This proviso in the section is new and no reviewing court has spoken as to its meaning in a situation paralleling that presented in this case. Here the petition was filed on the last day of the nine month period succeeding the appointment of the administratrix. The court could not comply with the statutory provisions as to notice, time for hearing, etc., and make an order authorizing presentation of the claim to the administratrix within the nine month period. Did the court then have authority to authorize the presentation of the claim under these facts? We frankly concede that the question has given us much concern.

It is a familiar rule of construction that all parts of a statute shall be given meaning if the language employed will permit. We have much difficulty in adopting the conclusion of the trial judge that the section, §10509-134 GC, contemplates that the word presentation as employed in the proviso means presentation to the court by the petition for authority to present the claim, although such construction would relieve us of a difficult question.

At no place in the section is any expression made "presentation of claim to the court." At the inception, the section speaks of the failure to present the claim to the executor or the administrator and that under the facts set out a petition may be filed in the Probate Court for authority to "present his claim" after the expiration of such time. Clearly this refers to a presentation of the claim to an administrator or executor. Following (c) the conditions are set out under which the court may authorize "such claimant to present his claim to the executor or administrator". Then follows, "Provided, however, that a claim which is not presented within nine months of the appointment of the executor or administrator shall be forever barred, etc." A claim presentd to whom? The only mention in the section of the persons to whom the claims shall be presented is the executor or administrator. The only capacity in which the court acts under the section is pursuant to the filing of the petition. The terms are employed in §10509-112 GC in like relation, which section begins,

"All claimants shall present their claims to the executor or administrator in writing, * * *. All claims shall be presented within four months after the date of the appointment of the executor or administrator. Every claim presented hereunder shall set forth the

claimants address. * * * Any person whose claim has been pre-sented and allowed shall be deemed a creditor as such term is used in this chapter. Claims that are contingent need not be presented except as otherwise provided in this chapter."

The chapter, of course, includes §10509-134 GC. It would ap-pear that the language, in all instances speaking of claims pre-sented or presentation of claims, implies presentation of such claims to the fiduciary.

The four months period after the date of the appointment of the executor or administrator is the time fixed within which all claimants mentioned in the statute may, as a matter of right, file their claims. When this period has elapsed, the right to present a claim is provisional, depending upon the authorization provided by §10509-134 GC. After the bar of §10509-112 GC has operated, a pre-sentation of a claim to an executor or administrator is a vain thing and without any effect because the law recognizes no such proced-ure. So, in the instant case, any tender of the claim of appellees to the administratrix more than four months after her appointment and before authority was granted by the Probate Court to present the claim would have been nothing more than a gesture and without any legal force whatsoever.

Whether or not the appellees have complied with the requi-sites of the law as to the presentation of their claim, under the order of the Probate Court, within contemplation of the limitation of §10509-134 GC is of no concern in the instant proceeding because the necessity of such determination does not arise. However, inas-much as the judgment entry authorized the presentation of the claim to the administratrix now, the right to make the order in that specific form is raised on this appeal.

We are, therefore, met with the necessity of determining wheth-er or not the proviso must be given effect to absolutely preclude the presentation of any claim after the nine months period. If such construction be given, it removes from the Probate Court the juris-diction to make any binding order which order is not made within the nine months period. This construction should not be adopted unless the language of the statute clearly requires it. There are many instances to which attention could be drawn which would postpone the order without fault of the claimant beyond the nine months period even though the petition was filed well within the period.

If the proviso is essentially a statute of limitation, we would not hesitate to determine that the running of the statute was tolled by the filing of claimants' petition. The principle is broadly stated in 34 Am. Jur. 202,

"It is a firmly established rule that the commencement of a suit prior to the expiration of the applicable limitation period interrupts the running of the statute of limitation as to all parties to the action and their privies, * * *." Citing many applicable authorities.

And **25 O. Jur. 608,**

"It is too elementary to need citation that the beginning of an action stops the running of a statute," citing **Walworth v Collingwood, 8 O. C. C. 477.**

But is this section a statute of limitation? It is a familiar principle of law that to secure the benefit of a limitation statute it must be pleaded. In **Beach, Receiver v Meizner, Executor,** reported in **52 Oh Ap, 348,** and **131 Oh St, 481,** the plaintiff, seeking to recover against the estate on a claim against the decedent for a balance on a stock subscription, plead the presentation of the claim to the executor of the deceased. This form of pleading ordinarily would be sufficient in the first instance and if the claim was barred by a statute of limitation prescribing the time within which the presentation should be made, such fact would properly be set up by way of defense. The Appellate Court held that the petition was demurrable because it did not include an averment that the claim was duly presented within the four months period of §10509-112 GC and that the same was rejected. The Supreme Court affirmed the holding that the petition was defective in the failure to state compliance with §10509-112 GC or compliance with §10509-134 GC upon order of the court under that section.

The first proposition of the syllabus in the Supreme Court is that section §10509-112 GC and §10509-134 GC (114 Ohio Laws, 320), must be construed together. This pronouncement raises some question whether or not the proceeding in the Probate Court in this case was controlled by the new section §10509-134 GC or by the older section inasmuch as the two sections, 10509-112 and 10509-134, as found in 114 Ohio Laws, 320, must be construed together.

The second syllabus recites,

"These sections are statutes of limitations (or non-claim statutes) which bar creditors claims unless presented to an executor or administrator within four months after the date of the appointment."

The court was considering the two sections of the statute together. There was no occasion to and the court did not make differentiation between the four months limitation in -112 and the

nine months limitation in -134. So that, there has been no adjudication to the effect that the nine months limitation in -134 is a non-claim statute. The court in **State ex Fulton v Coburn, 133 Oh St, 192** and this court have referred to §10509-134 GC, before the last amendment, as a limitation statute. It is our judgment that distinction may be made between the two sections and that -112 is strictly a non-claim statute but that the proviso in -134 makes that section a statute of limitation. The distinction between the types of statutes is important. In 34 C. J. S., 182, it is said,

"It is generally held that the statute of non-claim when once it begins to run continues to run, no exceptions or interruptions being allowed to intervene unless expressly provided for."

and 21 Am. Jur. 591,

"Non-claim statutes are jurisdictional and unless complied with, the court cannot allow the claim." Citing annotation Hathaway v Merchants Loan & Tea Co., Ill., 117 A. L. R. 1209.

An examination of all the cases cited is conclusive that in no instance was the court passing upon a statute like unto the proviso found in -134 but upon strictly non-claim statutes such as -112.

It is clear that Weygandt, C. J., in the **Beach case, supra,** was referring to the statutes generally and did not give special attention to the proviso in -134.

It is our judgment that §10509-134 GC is a statute of limitation. The right to an adjudication authorizing presentation of a claim to an executor or administrator is created by the body of the statute. The proviso is a limitation on that right which limitation is tolled by institution of a proceeding within nine months after the appointment of the executor or administrator under the section.

In this connection the third proposition of the syllabus in the **Beach case** is interesting and helpful,

"A barred claim may be re-instated and presented to an executor or administrator upon leave first obtained from the Probate Court in the manner provided in §10509-134, GC."

If a claimant was suing upon a rejected claim, it would be necessary only that he plead either that he had presented his claim within the time provided in §10509-112 GC or that he had presented it under authorization of the court under §10509-134 GC. If the limitation clause of the statute was to be invoked, it should be set up defensively as is proper in invoking a statute of limitation.

We are of the opinion that our construction is a reasonable interpretation in the light of the general purpose to be accomplished

by the new Probate Code and upon well defined rules of interpretation.

An interpretation should, if possible be avoided under which the statute or section or any part thereof is nullified, **Probasco v Racine, 50 Oh St, 378; Shuck v Board of Education, 92 Oh St, 55.**

Section 10214 GC,

"The provisions of part third (entitled Remedial) and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice."

Although the section of the code which we have under consideration is not found in part third of the code, it is remedial in character and may well be interpreted in accordance with the admonition of §10214 GC.

It should be noted that the authority to the claimants to present their claim under the order of the court gives them no right to reach any assets of the estate which have been lawfully paid out or distributed prior to the service upon the administratrix of notice of the hearing on such petition, and such claim shall not prevail as against creditors, legatees and distributees who have received payment or distribution from the assets of the estate prior to the service of such notice. So that, in this case the only effect of the order authorizing presentation of appellees' claims will be to operate prospectively as to any assets that may be realized from the insurance policy if appellees secure judgment against the administratrix. The administratrix cannot, if any liability is to be eventually asserted against the insurance company, allow the claim of appellees when presented unless by and with the consent of the company, this right being reserved in the policy. We have recently so held in the case of **Treadway, a minor, v Tewksbury et,** No. 3525, Franklin County. unreported. (38 Abs 220).

The right of the appellees to present their claim to the administratrix was by the proceeding in the Probate Court determined as of the date of the filing of their petition. The order authorizing appellees to present their claim was not made for several months after appointment of the administratrix, but the adjudication of their right to present was determined as of the date of the filing of their petition.

The judgment will be affirmed.

GEIGER, P. J. and BARNES, J., concur.