## C. F. Barton, Appellant, v. Mary M. Barton, Appellee.

Opinion filed March 2, 1943.

ROBERT W. TUNNELL and HENRY B. EATON, both of Edwardsville, for appellant.

No appearance for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

C. F. Barton, appellant (hereinafter designated as plaintiff) filed suit for divorce, in the circuit court of Madison county, on June 3, 1941, against his wife, Mary M. Barton, appellee (hereinafter designated as defendant), charging her with desertion on September 10, 1937. Answer was filed by defendant, denying the allegations of the complaint, together with a

counterclaim alleging that plaintiff had failed to furnish her with a home, and that he had absented himself from her for the space of one year and upward, and praying for separate maintenance.

On a trial of the cause, before the court, decree was entered finding that the plaintiff had failed to prove the allegations of his complaint and is without equity, and that the equities were with the defendant and that she was entitled to separate maintenance, and plaintiff was ordered to pay the sum of $70 a month as alimony, from which decree, this appeal is prosecuted.

The evidence showed that plaintiff was an erector and traveled all over the world erecting machinery for the company by whom he was employed, at an average wage of one hundred and fifty dollars ($150) a month, and expenses while traveling. He was a resident of Highland, Illinois. In 1937, the company by whom he was employed proposed to send him to the jungles of Dutch Guiana, and suggested that he not take his wife, on account of black water and malaria, which would endanger her health. She then left him, so plaintiff testified, because he would not take her with him and moved all of the furniture to the State of Minnesota, and never returned to Highland. Plaintiff continued to travel for his company and when off duty, returned to Highland. His company was instructed by him and did mail her a check for $70 every month, from 1937 until about the time of the institution of the suit. Plaintiff is corroborated, to some extent, by a filling station attendant, who testified that when Mrs. Barton had her car serviced, she stated, "she would never see Highland again."

Defendant testified, in substance, that the separation was by agreement, that she understood plaintiff was going to South America, and it was agreed that he would give her $100 a month to live on, while in Minnesota, where she could make a home for her father.

The court permitted plaintiff to be cross-examined as to his relations with other women, over the objections of counsel, and seven exhibits were offered by defendant and admitted in evidence by the court, which exhibits were letters from plaintiff to defendant, tending to show intimate relations with other women, all but exhibit No. 1, being dated after the separation of the parties. This evidence and the exhibits, were all incompetent, there being no charge of adultery in either defendant's answer or her counterclaim. Evidence of adultery would have no bearing on the question of living separate and apart. *Wasson v. Wasson*, 236 Ill. App. 505.

Upon no theory of the law, would defendant be entitled to separate maintenance, under this evidence. A wife who voluntarily consents to a separation is not entitled to separate maintenance, since she is not without fault. *Vock v. Vock*, 365 Ill. 432.

In our judgment, the finding of the decree that this defendant was living separate and apart from plaintiff, without fault on her part, is manifestly against the weight of the evidence.

No brief was filed in this court by defendant, and we would be warranted in reversing and remanding said cause without consideration of merits, but an examination of the record discloses that the interests of justice would be best served by reversing and remanding the cause, with directions to the trial court to dismiss the counterclaim of Mary M. Barton, for want of equity, and for further hearing on the complaint of C. F. Barton, for divorce.

*Reversed and remanded with directions.*