## C. F. Barton, Appellant, v. Mary M. Barton, Appellee.

Opinion filed May 26, 1944.

ROBERT W. TUNNELL and HENRY B. EATON, both of Edwardsville, for appellant.

PHILIP G. LISTEMAN, of East St. Louis, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

C. F. Barton, plaintiff appellant, and Mary M. Barton, defendant appellee, were respectively, plaintiff and defendant in the lower court and will be so referred to here. Plaintiff filed suit for divorce in the

circuit court of Madison county, on June 3, 1941. Defendant filed an answer and counterclaim for separate maintenance. The case was heard without a jury, and on March 19, 1942, the court denied plaintiff a divorce and granted defendant separate maintenance. Plaintiff prosecuted an appeal to the Appellate Court for the Fourth District, and on March 2, 1943, the Appellate Court reversed the decree of the circuit court, with directions to the trial court to dismiss the counterclaim of defendant for want of equity, and for further hearing on the complaint of plaintiff, for divorce. (*Barton v. Barton,* 318 Ill. App. 68.)

A motion for expense money and attorney fees was filed on April 19, 1943, by the attorney for defendant. This petition recited the history of the case, as herein stated, and further set forth that defendant had until March 26, 1943, within which to file her petition for leave to appeal to the Supreme Court; that defendant had employed counsel and that said counsel had ordered the record made in the Appellate Court, and was preparing an abstract of record and petition for leave to appeal and that the probable costs were $133. The petition further stated that defendant was without funds with which to pay her attorney for the work in connection with the filing of the petition for leave to appeal and that she had no funds for expenses, that defendant was an able-bodied man, engaged in a gainful occupation, and prayed that an order be entered ordering plaintiff to pay to defendant for the use of her attorney, a reasonable sum as his attorney's fees and also the expense of filing the petition for leave to appeal to the Supreme Court. The petition was not signed by defendant, nor verified, but was signed by said counsel.

Plaintiff entered his limited appearance, and filed a motion to strike said petition. The court entered an order on June 2, 1943, which order provided for the payment by plaintiff of the sum of $150 as a reason-

able attorney fee and expense money in the sum of
$133. Motion to set this order aside was filed by plain-
tiff, entering his limited appearance and this motion
was denied on July 29, 1943, from which order plain-
tiff prosecutes his appeal to this court. On Novem-
ber 30, 1943, the Supreme Court denied the petition for
leave to appeal from the Appellate Court, Fourth
District to the Supreme Court.

It is contended among other things by plaintiff that
the trial court erred in allowing said attorney's fees
and expense money; that the order and judgment is not
based upon the inability of Mary M. Barton to pay
her attorney fees and expenses; that the testimony of
her attorney was insufficient, immaterial and contrary
to the law, and that the trial court erred in denying
the motion to set aside the order of June 2, 1943.

The separate maintenance statute provides, ". . .
The court at any time after service of summons and
proper notice to the wife or the husband may make
such allowance of temporary alimony, attorney's fees,
and suit money as may appear just and equitable, as
in cases of divorce . . . ". Chapter 68, par. 22,
Ill. Rev. Stat. 1941; Jones Ill. Stats. Ann. 109.189.
And the statute with reference to divorce, provides,
"In all cases of divorce the court at any time after
service of summons and proper notice to the husband
or wife, may require the husband to pay to the wife or
pay into court for her use, or may require the wife to
pay to the husband or pay into the court for his use
during the pendency of the suit, such sum or sums of
money as may enable her or him to maintain or defend
the suit; and in every suit for divorce the wife or the
husband when it is just and equitable, shall be entitled
to alimony during the pendency of the suit, provided
that no order or decree for alimony shall be entered
until the court . . . shall have determined from
evidence the condition and life of the parties and their
circumstances. . . . ". Chapter 40, par. 16, sec.

15, Ill. Rev. Stat. 1941; Jones Ill. Stats. Ann. 109.183. It therefore follows that the court should not arbitrarily fix the amount of fees or expenses, but the order should be based upon the requirements of expense for prosecution or defense, as evidenced by pleadings, affidavits or examinations in court. *Benham v. Benham,* 107 Ill. App. 424. The court will also consider the husband's income, the estate of the wife, as well as the ages and condition in life of the parties and all the circumstances affecting the propriety of the allowance. *Harding v. Harding,* 144 Ill. 588; *Plaster v. Plaster,* 67 Ill. 93; *Bergen v. Bergen,* 22 Ill. 187.

It is true that the record here discloses some testimony as to the amount of expense attendant upon taking the appeal to the Supreme Court and with reference to the reasonableness of the attorney fee, but there was no competent evidence as to the inability of defendant to pay her own fees and expenses or the ability of the plaintiff to pay same. The only showing made was the statement in an unverified petition, not even signed by defendant, to the effect that defendant was without funds with which to pay her attorney for the work in connection with the filing of the petition for leave to appeal and that she did not have funds with which to defray the aforesaid expenses incident to the filing of such petition, and with respect to the means of plaintiff, it alleges vaguely that he was an able-bodied man, engaged in gainful occupation and earning a substantial salary. In addition thereto, counsel for defendant testified that defendant was without any funds to finish the litigation.

Counsel for defendant, in his argument, in answer to the claim of plaintiff that there was no showing that plaintiff had the financial ability to pay the expenses in question, states, that the court did not need to hear evidence on that question; that the court judicially knew what the plaintiff had testified to, as to his financial ability in the parent case. Plaintiff's

financial ability at that time, March 1942, might have certainly changed for better or for worse, by the time of the hearing on the allowance, which was June 2, 1943.

In any event there was no competent evidence before the court to inform him, as to the inability of defendant to pay her expenses and of plaintiff to pay same.

It is also contended on the part of plaintiff that in the allowance of fees and expenses, it should appear at the time of making the request that defendant had a probable cause of action. It seems to be the well-settled principle in Illinois, that where the wife is without means to prosecute her suit and has probable ground that it is proper for the court to enter an order for attorney fees. *Jenkins v. Jenkins,* 91 Ill. 167; *Rawson v. Rawson,* 37 Ill. App. 491. In the case before us, this court had previously held in *Barton v. Barton,* 318 Ill. App. 68, that upon no theory of the law, would defendant be entitled to separate maintenance, under the evidence there adduced. The Supreme Court subsequently denied defendant's petition for appeal to that court. There should be an end to this litigation and to defendant prolonging it in absence. Whether or not an allowance should be made to the wife for solicitor's fees rests largely in the discretion of the court, but an abuse of such discretion is subject to review. *Klekamp v. Klekamp,* 275 Ill. 98. We are of the opinion that nothing in this record justified the order of the court with reference to attorney fees and expenses and the judgment of the circuit court of Madison county will be reversed.

*Reversed.*