**Ralph C. Meilach, Plaintiff-Appellee, v. Jean Guillaume and Jean Guillaume Associates, Inc., Defendants-Appellants.**

**Gen. No. 50,085.**

First District, Third Division.

September 16, 1965.

Goldberg, Levinson & Komie, of Chicago (Jerome F. Goldberg and William Levinson, of counsel), for appellants.

No brief filed and no appearance made for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff obtained a judgment against the defendants and had them cited to appear for the purpose of discovering assets. The defendant Jean Guillaume moved to strike the citation on the ground that he had been discharged pursuant to bankruptcy proceedings instituted by him after the judgment had been obtained. To this the plaintiff replied that the judgment was based on fraud and was not dischargeable. The court

sustained the plaintiff's position, and it is from this order that the defendants appeal.

The complaint was based upon the sale of stock by the defendants to plaintiff and rests on two grounds: first, that the stock, none of which was exempt or excepted from the provisions of the Security Act, was sold without registering and qualifying it for sale; and, second, that the sale was fraudulent in that false representations were made with respect to the then present condition and projected operation and profits of the business of the defendant corporation. After the issue had been formed, plaintiff made a motion for summary judgment and in his affidavit in support thereof, charged that the action was brought to recover $25,000 which he had paid to defendants for the sale to him of certain securities which were required to be registered pursuant to the Securities Act but which were not so registered.

While the complaint alleged fraud and misrepresentation (which was denied in the answer), plaintiff's motion for summary judgment was based entirely on the failure of defendants to register the shares so sold. Defendants' contention is that the character of the judgment is to be determined by the evidence in support thereof, that the record shows the judgment was not based upon a nondischargeable claim but merely upon a nonfraudulent violation of the Illinois Securities Law, that is, failure to register and give notice of sale, and that the judgment being based on a dischargeable claim, it is therefore not enforceable against the defendant. We have examined the cases cited sufficiently to conclude that the position taken was prima facie sound.

Plaintiff has failed to file an appearance and answering brief as provided by Appellate Court Rule 5(2)(k) and it is unnecessary to further review this case. Wieboldt Stores, Inc., v. Emile Mautner, 61 Ill

104

App2d 368, 210 NE2d 597; 541 Briar Place Corp. v. Harman, 46 Ill App2d 1, 196 NE2d 498; Wright v. Chicago Transit Authority, 43 Ill App2d 408, 193 NE 2d 597.

The order is reversed and the cause is remanded with directions to enter an order granting defendant Jean Guillaume's motion to strike the writ of citation. Jean Guillaume Associates, Inc., while a party to this appeal, was not included in the motion to strike and as a consequence nothing in this opinion applies to it as a defendant.

The order is reversed and the cause is remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.