Harry Zaidenberg, d/b/a Allstate Acceptance Association, and Ethel Dalton Purdiman, Plaintiffs-Appellants, v. Occidental Life Insurance Company of California, a Corporation, Defendant-Appellee.

Gen. No. 49,846.

First District, Fourth Division.

December 10, 1965.

Harry Zaidenberg, of Chicago (Howard Hoffman and Arthur J. Schoenfeld, of counsel), for appellants.

No briefs filed for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from the summary judgment entered July 14, 1964, in the Circuit Court of Cook County in favor of Ethel Allen Purdiman, in the sum of $2,492.50. Richard Purdiman was insured under an Occidental Life Insurance Company policy carried through the Teamsters Union Health and Welfare Fund, which policy provided for life insurance benefits in the sum of $2,500. In order to secure the insurance, Richard Purdiman completed an enrollment card on October 14, 1954, which card designated as the beneficiary of the insurance policy "Ethel Purdiman, Wife."

Richard Purdiman died on December 31, 1962. On April 30, 1963, a "complaint in chancery" was filed against the Occidental Life Insurance Company of California, by Allstate Acceptance Association and Ethel Purdiman [hereafter referred to as Ethel Dalton Purdiman]. Among other things, the complaint alleged that the defendant had issued a policy of insurance on the life of Richard Purdiman, designating "the complainant, Ethel Purdiman, wife," as the beneficiary. There is a further allegation that Richard Purdiman and Ethel Dalton Purdiman were married on July 5, 1955, in Yazoo County, Mississippi. It further alleged the death of Richard Purdiman, and that proof of death was made to

the defendant; that on January 3, 1963, in consideration of funeral services rendered and goods and chattels furnished in connection with the burial of Richard Purdiman, Ethel Purdiman assigned a portion of her interest to the benefits payable under the insurance policy, in the amount of $1,238, to L. C. Wesley, d/b/a L. C. Wesley Funeral Homes; that on the same date Wesley assigned his right, title and claim in the assignment to Allstate Acceptance Association, and that the original assignment and reassignment were forwarded to the defendant; and that Allstate Acceptance Association prays for judgment in the amount of $1,238, and Ethel Purdiman in the sum of $1,262. A copy of the assignment to the Wesley Funeral Home and of the Wesley Funeral Home to Allstate Acceptance Association was attached to the complaint.

On June 11, 1963, Ethel Purdiman [hereafter referred to as Ethel Allen Purdiman] filed a petition to intervene, in which petition she alleged that she and Richard Purdiman were married at Stacey, Arkansas, in 1936, and that the suit filed by Ethel Dalton Purdiman and her assignee, is false because at the time of the death of Richard Purdiman, Ethel Allen Purdiman was his legal wife, and she prays that she be permitted to intervene. On the same day an order was entered granting her leave to file her petition to intervene.

On June 14, 1963, defendant, Occidental Life Insurance Company of California, filed a countercomplaint of interpleader against Allstate Acceptance Association, Ethel Dalton Purdiman and Ethel Allen Purdiman. Occidental therein alleged among other things that the deceased was validly insured in a policy in its company in the sum of $2,500; and that he had executed an enrollment card naming "Ethel Purdiman, wife" as his beneficiary. The defendant admitted liability in the sum of $2,500 and prayed that an order be entered directing the defendant to deposit the sum of $2,500 with the clerk of the court.

307

On June 14, 1963, the defendant filed its answer to the complaint in chancery and the petition to intervene, setting forth in substance the same allegations contained in its countercomplaint of interpleader. On June 18, 1963, the court entered an order giving defendant leave to deposit $2,500 less costs with the clerk of the court.

On July 10, 1963, Allstate Acceptance Association and Ethel Dalton Purdiman filed their answer to the intervening petition of Ethel Allen Purdiman, in which they admit that Ethel Allen Purdiman and Richard Purdiman were married in 1936, and that at the time of the demise of Richard Purdiman she was his legal wife. The answer also states that Ethel Dalton Purdiman was married to Richard Purdiman on July 5, 1955, and that prior thereto, since on or before the year 1952, they had lived together as husband and wife and were so living at the time of his death. It is further alleged that "she was the intended and designated beneficiary to the aforedescribed policy."

Ethel Dalton Purdiman and Ethel Allen Purdiman each filed separate answers to the countercomplaint of interpleader of the insurance company, admitting all the allegations therein contained, and each urging that she was the beneficiary under the insurance policy.

On August 8, 1963, the court entered an interlocutory decree which, among other things, dismissed the Occidental Life Insurance Company from the cause after the deposit of the sum of $2,492.50 with the clerk of the court.

On November 20, 1963, Ethel Allen Purdiman filed a motion for summary judgment, alleging that she was married to Richard Purdiman, now deceased, and never divorced, as set forth in the attached affidavit; that she was legally entitled as the beneficiary to the money paid into court by the insurance company, and that there were no other valid claimants to the proceeds of the policy; she prayed that an order be entered giving her summary judgment, and that the money deposited in

the court be turned over to her. With that motion Ethel Allen Purdiman filed an affidavit in which she again alleged that she was married to Richard Purdiman in 1936; that subsequent to the marriage eight children were born; that Richard Purdiman lived with her until 1954 when he left her; that since such time, until he died in 1962, he frequently visited her and their children at her residence; that at no time from the date of the marriage until the death of Richard Purdiman was any proceeding for divorce filed either by Richard or by the affiant; that he remained a resident of the City of Chicago until his death; and "that during all of the time affiant and Richard Purdiman resided in Chicago, until his death, he paid monies to affiant for the support of affiant and their children." She further alleged that on December 31, 1962, Richard Purdiman was her legal husband.

On November 20, 1963, Allstate Acceptance Association and Ethel Dalton Purdiman were given leave to file counteraffidavits to the motion for summary judgment, and on December 16, 1963, Allstate Acceptance Association and Ethel Dalton filed what they termed "answer to motion for summary judgment and counteraffidavit," asking that a summary judgment be entered in their behalf. The document realleges the 1955 marriage of Ethel Dalton Purdiman to Richard Purdiman, and also alleges that there was attached to the affidavit a photostatic copy of the marriage certificate. This certificate does not appear in the record. The document also alleges that Ethel Dalton Purdiman is the legal wife of Richard Purdiman and the intended beneficiary to the matter in question. This affidavit is signed and sworn to by Ethel Dalton Purdiman and Harry Zaidenberg, d/b/a Allstate Acceptance Association. On January 14, 1964, the court entered the following order:

"This cause coming before the Court on the motion of Ethel Allen Purdiman for Summary Judgment and

309

the Court having heard arguments of counsel and having jurisdiction of the subject matter and being fully advised in the premises, and the Court finding that Ethel Allen Purdiman is the beneficiary in the policy of insurance herein."

It was ordered that a summary judgment be entered in behalf of Ethel Allen Purdiman, and that the clerk of the court be instructed to pay over to her the proceeds of the policy.

On January 24, 1964, Ethel Dalton Purdiman and All-state Acceptance Association filed a motion to vacate the order of January 14, and with it filed a memorandum of law. In that motion they alleged that there was a triable issue of fact, to wit: "who did Richard Purdiman intend to designate as beneficiary to Occidental Life Insurance Company policy . . ." This motion also alleged that when the enrollment card was issued, providing for the designation of "Ethel Purdiman, wife," on October 14, 1954, "the insured, Richard Purdiman, had been residing with and cohabiting with Ethel Dalton Purdiman as husband and wife since 1952." It further stated that Richard Purdiman had referred to her as his wife, although there was no marriage ceremony until 1955.

On March 23, 1964, the court commenced a hearing on that motion. During the hearing counsel for Ethel Dalton Purdiman and Allstate Acceptance Association stated that the summary judgment was entered in spite of the fact that the court had been informed that Richard Purdiman was residing with Ethel Dalton Purdiman for a two-year period before 1954. It was pointed out by the court that that statement did not appear in the affidavit heretofore filed. The only reference made to the marriage certificate showing a marriage of Ethel Dalton Purdiman and Richard Purdiman was a statement by counsel for Ethel Dalton Purdiman that "We have the

marriage certificate, we had the marriage certificate. . . ." He further stipulated that Richard Purdiman was married to Ethel Allen Purdiman as alleged in the complaint of the intervenor, and stated he was not contending that Ethel Allen Purdiman had been divorced from Richard Purdiman. He further stated that there had been a marriage ceremony entered into with Ethel Dalton Purdiman, but that he did not wish to raise any question as to whether or not such ceremony was legal.

Counsel for Ethel Dalton Purdiman again stated that at the time the policy was issued Ethel Dalton Purdiman had been residing with Richard Purdiman for a two-year period. This information does not appear in any sworn statement except the answer to the intervening petition and the motion to vacate. Counsel again erroneously stated that the answer to the motion for summary judgment alleged that Ethel Dalton Purdiman was residing with the insured at the time of the designation of beneficiary. The court denied the petition to vacate.

██ ██ The court had entered a summary judgment finding Ethel Allen Purdiman the beneficiary in the insurance policy. She had filed a motion for summary judgment, as had Ethel Dalton Purdiman. When a request is made for a summary judgment it is the first duty of the court to determine whether or not there is any question of fact involved. If there is, the summary judgment must be denied. In the leading case in Illinois, Allen v. Meyer, 14 Ill2d 284, 152 NE2d 576, where both parties moved for summary judgment, the court held that "It is clear that all material facts were before the court; the issues were defined; and the parties were agreed that only a question of law was involved." The court further held that the view of the parties was correct and that a summary judgment could properly be entered. Second, the court, having determined that there are no questions of fact involved, must then find that sufficient inferences may be drawn from the plead-

ings and affidavits before it to show that a summary judgment may properly be entered for the moving party.

As we have stated, Ethel Dalton Purdiman and Harry Zaidenberg, the appellants, filed a sworn answer to the complaint of Ethel Allen Purdiman and Occidental. In that answer the appellants admitted to the marriage of Richard to Ethel Allen Purdiman in 1936, further admitted that Ethel Allen Purdiman was Richard's wife at the time of his demise, and stated that a photostatic copy of a marriage certificate, indicating that Ethel Dalton Purdiman and Richard Purdiman were married in Mississippi on July 5, 1955, was attached. Such certificate does not appear anywhere in the record.

In the instant case, the counsel representing Ethel Dalton Purdiman cites a number of cases to the effect that the word "wife" in the description of the beneficiary is merely one of description and is not a warranty that the alleged beneficiary was in fact the wife of the insured. An examination of the cases [Strachan v. Prudential Ins. Co. (Mass), 73 NE2d 840, 173 ALR 711; Ester v. Prudential Ins. Co. of America, 298 Mich 330, 299 NW 96; Treadway v. Tewksbury (Ohio), 49 NE2d 955] cited in the brief for Ethel Dalton Purdiman indicates that the beneficiary is specifically named so that she can be identified and the addition of the word "wife" is of no value.

In 2 Appleman Ins L & P § 802, p 156, it is said:

> "It has been stated that where the widow was never named as beneficiary that she has no interest in the policy. If the simple word 'wife' is used, with nothing more to designate the beneficiary, it would seem clear that the wife alone could recover. But, usually, the word wife following a person's name is held to be merely descriptio personae, and, sometimes, surplusage. Thus, policy payable to 'Mary Smith, wife' or 'John Jones, husband' would give the benefits to those persons named regardless of the

fact that they may never have been graced by the sacred bonds which the description would imply. Those persons and no other may recover the policy benefits in such instance, provided, of course, that the designation of such person does not violate the rules of the organization or the public policy of the state."

In 46 CJS Insurance § 1160, the following statement is made:

> "If the beneficiary is named, or can otherwise be definitely identified, her designation as the wife of insured is descriptive only, and it is immaterial whether or not she is, or becomes, his lawful wife, or is his concubine, or even that another person is his legal wife. . . . If, however, the insurance is to be paid to the wife of insured under that general designation, it is not payable to any person who is not his actual and legal wife. . . ."

In Russ v. Supreme Council American Legion of Honor, 110 La 588, 34 So 697, it was held that where the beneficiary in a certificate is designated by name, and also as the wife of the person to whom the certificate is issued, and this person has but one wife, there is no uncertainty, though the beneficiary is called "Georgie," instead of "Georgiana."

█ The case before us hinges on the question of whether there was any issue of fact which must be resolved or whether, under the pleadings and affidavits filed in the case, the court could draw but one inference and consequently enter a proper summary judgment. There seems to be no question that at the time the insurance policy was taken out the only person who could be designated as the wife of the deceased was Ethel Allen Purdiman. Under those circumstances, the word "wife" as used in the designation of the beneficiary is not a mere descriptio personae.

313

In Hogan v. Wallace, 166 Ill 328, 46 NE 1136, a bill of interpleader was filed by the Independent Order of Foresters, against Ellen B. Hogan and Kate Wallace in order to determine which was entitled to the proceeds of an insurance policy issued by the I. O. F. In 1884 they issued a benefit certificate to Michael Hogan, payable at his death, to "Mrs. Kate Hogan, his wife." Michael Hogan had in 1872 been married to Ellen B. Hogan who had lived with him continuously as his wife until his death. Their five children survived him and were living with their mother. Kate Wallace was Michael Hogan's sister, who was married to James Wallace six years before the issuance of the policy in question, and had since lived with him as his wife. She had never lived with her brother since her marriage, nor had she ever been dependent on him. The court said: "The beneficiary named in the policy is described as 'Mrs. Kate Hogan, my wife.' Appellant [Ellen B. Hogan] was his 'wife' and also Mrs. Hogan, though not 'Mrs. Kate Hogan.'" There was evidence introduced that the doctor who wrote out the application did not know the name of Hogan's wife, but thought that Kate was her name; and that he should have written Ellen B. Hogan. The court held that the identity of the beneficiary as Ellen B. Hogan, wife of Michael, was established, and that all doubt on that point was removed. It further held that she should get the proceeds of the policy.

██ In the instant case, there was only one person who could have been considered as the beneficary named in the policy, and that was Ethel Allen Purdiman. There was neither a latent nor a patent ambiguity. It is uncontradicted that she was the legal wife of Richard at the time when the policy was taken out; that he was supporting her and their family, and did support them until the time of his death. The "affidavit and answer" of Ethel Dalton Purdiman is sketchy and indefinite, as are the statements made before the court on the petition

for rehearing. The summary judgment in favor of Ethel Allen Purdiman was properly entered by the court, and the judgment is affirmed.

■ The appellee filed no brief nor appearance. Under such a circumstance we could have, in accordance with the prayer of the appellants, reversed the judgment of the Circuit Court. Tabron v. Pleasant, 64 Ill App2d 367, 212 NE2d 312; Meilach v. Guillaume, 63 Ill App2d 103, 211 NE2d 606; Basinski v. Basinski, 20 Ill App2d 336, 156 NE2d 225. However, in those cases the court did examine the record. In the instant case we have examined the record and the appellants' brief, and we have determined that in order to do substantial justice the order of the trial court should be affirmed. Barton v. Barton, 318 Ill App 68, 47 NE2d 496; 2 ILP § 560.

The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.