Edward R. Bundy, Plaintiff-Appellant, v. City of Sullivan, Defendant-Appellee.

Gen. No. 9,918.

Opinion filed January 28, 1954. Released for publication February 15, 1954.

KENNETH A. GREEN, of Mattoon, for appellant.

FRANK L. WOLF, of Sullivan, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

Plaintiff, Edward R. Bundy, sought an injunction in the circuit court of Moultrie county to restrain the defendant, City of Sullivan, a municipal corporation,

from draining waters and waste onto his lands and, by a separate count, sought to recover damages resulting therefrom. Both counts were stricken on defendant's motion, and judgment was entered in its favor, plaintiff electing to stand on his complaint.

The complaint alleges in substance that in the year 1949, defendant ". . . construct(ed) a large artificial ditch" (hereinafter referred to as "Ditch A") and connected one extremity thereof to a second "ditch (hereinafter referred to as 'Ditch B') which leads directly onto the land of plaintiff"; that defendant connected the other extremity of "Ditch A" "to a large drainage tile"; and that water from defendant's streets drains into said drainage tile and thence into "Ditch A" which has, "as its only possible outlet," "Ditch B" which, in turn, drains onto plaintiff's property, resulting in damage thereto. The following diagram, not purporting to be geographically accurate, indicates the relative position of these component parts of the drainage system which the complaint appears to describe:

| Defendant's Streets | → — → | → — — — — — → | → — — → | → — — — |
|---|---|---|---|---|
| "Large Drainage Tile" | ↑ | "Large Artificial Ditch" (A) | "Ditch" (B) | Plaintiff's Land |

Plaintiff's theory is that surface waters may not lawfully be drained "through *artificial* channels onto the land of another."

In the opinion of this court it is immaterial whether the complaint, properly construed, alleges a course of drainage which is "artificial" in its entirety as plaintiff apparently contends. Ill. Rev. Stat. 1953, ch. 42, sec. 85 [Jones Ill. Stats. Ann. 42.149], relied upon by defendant, so far as relevant here, provides:

213

"Owners of land may drain the same in the general course of natural drainage, by constructing open or covered drains, discharging the same into any natural water-course, or into any natural depression, whereby the water will be carried into some natural water-course. . ."

Clearly, to allege that the drainage system in question is "artificial," whether wholly or partially, in the sense of being "manmade" or "constructed" as contrasted with "natural," is not sufficient to state a cause of action because the statute plainly and positively permits an owner of land to drain the same "by *constructing* . . . drains." The decisive question is whether the "artificial" or "constructed" drain is *"in the general course of natural drainage."*

Accordingly, the complaint is fatally defective if for no other reason than that it fails to allege that the drainage system complained of is *not* "in the general course of natural drainage." This conclusion is confirmed by certain of the decisions relied upon by plaintiff himself, such as *Dwyer v. Village of Glen Ellyn,* 314 Ill. App. 572; *Elser v. Village of Gross Point,* 223 Ill. 230.

Plaintiff has cited certain other cases concerned primarily with the question of liability for damage resulting from discharge of surface water *in unnatural quantities* onto a servient estate. In this court's opinion that issue is not raised by the complaint and plaintiff has not argued to the contrary. Accordingly, the judgment of the trial court dismissing both counts was correct and will be affirmed.

*Judgment affirmed.*