The People of the State of Illinois, Plaintiff-Appellee,
v. Johnnie Allen, Defendant-Appellant.

Gen. No. 49,950.

First District, Fourth Division.

April 7, 1966.

Harvey B. Bass and Jerold S. Solovy, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from a sentence of 10 to 15 years upon conviction for unlawful sale of narcotic drugs. Ill Rev Stats 1963, ch 38, § 22–3.

The first contention is that the court committed error in refusing to allow defendant's several motions, made during the course of the trial, that those proceedings

be suspended for the purpose of conducting a hearing to determine the competency of defendant to stand trial. Ill Rev Stats 1963, ch 38, § 104–2.

The State's Attorney confesses the validity of defendant's contention under the compulsion of People v. Burson, 11 Ill2d 360, 368–370, 143 NE2d 239, and Pate v. Robinson, 86 S Ct 836.

■ ■ As we pointed out in People v. Kelly, 66 Ill App2d 204, 214 NE2d 290, 293, agreement of the parties does not control the judicial function of this court. We have, however, examined the record and find that on no fewer than 119 times defendant interrupted the trial with ravings and abusive epithets directed at the judge, the State's Attorney and even at his own counsel. The character of these vituperative remarks by defendant was such as to convince us that a bona fide issue was raised as to defendant's competency. We therefore agree with the position of the parties that the conviction in this case should be reversed and the cause remanded for a new trial. Such trial should not be commenced, however, until after a hearing is conducted to determine defendant's competency under the statute.

Reversed and remanded with directions.

DRUCKER, P. J. and McCORMICK, J., concur.