Richard J. Daley, Mayor and Local Liquor Control Commissioner, Plaintiff-Appellant, v. Milton Rifkin, Licensee, License Appeal Commission of the City of Chicago, A. L. Cronin, Chairman, Defendants-Appellees.

Gen. No. 51,263.

First District, First Division.

June 26, 1967.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Thomas F. Strubbe, Assistant Corporation Counsel, of counsel), for appellant.

No appearance made for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

On October 4, 1965, the Mayor of the City of Chicago, as Local Liquor Control Commissioner, revoked the retail liquor license issued to Milton Rifkin for the premises commonly known as 1122 W. Granville Avenue, Chicago, Illinois, known as Red Kelley's Lounge. This order of revocation was reversed by the License Appeal Commission on October 29, 1965. The Mayor's application for rehearing was denied on November 8, 1965. The Mayor then filed an Administrative Review Action, to review

the order of the License Appeal Commission. The Circuit Court of Cook County sustained the decision and order of the License Appeal Commission. Plaintiff appeals from this judgment.

Section 5, article VII, of the Liquor Control Act (Ill Rev Stats 1965, c 43, § 149) provides in part as follows:

> "The local liquor control commissioner may revoke or suspend any license issued by him if he determines that the licensee has violated any of the provisions of this act or of any valid ordinance or resolution enacted by the particular city council. . . ."

The evidence presented before the Local Liquor Control Commissioner established that the defendant's bartender, Meyer Berger, used the licensed premises to steer a patron on said premises, one Kurt Mecklenburg, to a female on said premises, one Tracy Ricco, for purposes of prostitution in violation of the ordinances of the City of Chicago and Statutes of the State of Illinois.

Section 192–2 of the Municipal Code of Chicago provides:

> "No person knowingly shall direct, take, transport, or offer to direct take or transport, any person for immoral purposes to any other person or assist any person by any means to seek or to find any prostitute or other person engaged in immoral practices, or any brothel, bawdy house, or any other place of ill-fame."

Chapter 38, section 11–15 of the Criminal Code (Ill Rev Stats 1965), provides in part as follows:

> "(a)   Any person who performs any of the following acts commits soliciting for a prostitute:
>
> "(1)   Solicits another for the purpose of prostitution; or

"(2)    Arranges or offers to arrange a meeting of persons for the purpose of prostitution; or

"(3)    Directs another person to a place knowing such direction is for the purpose of prostitution."

The evidence before the Local Liquor Control Commissioner consisted of testimony of a police officer, Edward A. Adorjian. He and his partner, officer Thomas O'Malley, arrived at the premises at 2:15 a. m. Adorjian testified that there were about 15 people present; that a bartender, one Meyer Berger, was on duty; that a customer, Kurt Mecklenburg was seated near the officers; a man and a woman named Tracy Ricco entered and sat at the far end of the bar; that the bartender said to Mecklenburg: "You can have that girl for $20." The witness further testified that Tracy Ricco talked with Mecklenburg and that the bartender said to Mecklenburg: "I will fix it up for you tomorrow"; that Mecklenburg replied: "Can't you do it tonight? I have got an apartment nearby." The bartender talked to Tracy Ricco who then left the premises with Mecklenburg. The officers followed and arrested Mecklenburg and Tracy Ricco. Officer Adorjian returned to the tavern and placed Meyer Berger under arrest.

Kurt Mecklenburg testified that he did meet Tracy Ricco for the first time at the tavern and that they left together, but denied that they went out of the tavern for the purpose of an act of prostitution or an act of intercourse. There was a variance between his testimony before the local liquor commissioner and the statement he made to the police.

Meyer Berger denied at first that he introduced Mecklenburg to Tracy Ricco, but later admitted that he did. The other witnesses for the defendant testified that they did not hear any of the conversation testified to by officer Adorjian.

On October 22, 1965, the License Appeal Commission reviewed the transcript of evidence and heard counsel for the defendant and plaintiff and reversed the order of revocation.

Section 8, article VII of the Liquor Control Act, (Ill Rev Stats 1965, c 43, § 153), provides in pertinent part as follows:

> "The review by the license appeal commission shall be limited to the questions:
>
>> "(a) Whether the local liquor control commissioner has proceeded in the manner provided by law;
>>
>> "(b) whether the order is supported by the findings;
>>
>> "(c) whether the findings are supported by substantial evidence in the light of the whole record.
>
> "No new or additional evidence in support of or in opposition to such order or action under appeal shall be received other than that contained in such record of the proceedings."

The evidence before the Local Liquor Commissioner was sufficient to sustain the order of the Commissioner. In Daley v. Perez, 81 Ill App2d 478, 226 NE2d 676, this court said:

> "The Deputy Commissioner, having seen and heard the witnesses, was in the best position to evaluate whether the testimony, . . . was probable or believable."

See also Daley v. Kilbourn Club, Inc., 64 Ill App2d 235, 211 NE2d 778 and Daley v. License Appeal Commission, 11 Ill App2d 421, 138 NE2d 73.

470

We find that the order of the local commissioner followed the statutes and was supported by substantial evidence. The trial court was limited by the Administrative Review Act which provides that the findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct. The judgment of the Circuit Court is reversed, and the cause remanded with directions to reinstate the revocation order.

Reversed and remanded with directions.

MURPHY, P. J. and BURMAN, J., concur.