this was so. This he did not do. It is always the burden of the party who relies upon res judicata or collateral estoppel to establish its applicability. Chicago Historical Society v. Paschen, 9 Ill2d 378, 137 NE2d 832 (1956).

The motion of the defendant to dismiss admitted the well-pleaded factual allegations in the complaint. Curtis v. Albion-Brown's Post 590, American Legion of Illinois, 74 Ill App2d 144, 219 NE2d 386 (1966); Haney v. Haney, 37 Ill App2d 216, 185 NE2d 409 (1962). Although the allegations concerning both the existence and breach of fiduciary relationships were conclusionary in nature, the well-pleaded facts in the complaint were sufficient to require an answer by the defendant.

The order of the Circuit Court is reversed and the cause remanded with directions to overrule the defendant's motion to dismiss and to set a time within which he may file an answer.

Reversed and remanded with directions.

SCHWARTZ and SULLIVAN, JJ., concur.

---

**Martin Klein, Plaintiff-Appellant, v. Lorraine Priest, Defendant-Appellee.**

**Gen. No. 52,447. (Abstract of Decision.)**

First District, Third Division.

February 8, 1968.

Eugene K. Landenberger, of Chicago, for appellant; no brief filed for appellee. Opinion by JUSTICE SULLIVAN. Not to be published in full.

Barbara L. Coats, Plaintiff-Appellant, v. Richard E. Coats, Richard Bray, Clyde Savings & Loan Association and Naperville Truck Sales, Inc., an Illinois Corporation, and Curran Oil Company, Inc., Defendants-Appellees.

Gen. No. 67–91.

Second District.

February 9, 1968.

