Village of Mount Prospect, a Municipal Corporation, Plaintiff-Appellant, v. Emerson J. Malouf, Defendant-Appellee.

Gen. No. 53,099.

First District, First Division.

December 2, 1968.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago (R. Marlin Smith and Robert W. Bartlett, of counsel), for appellant.

No brief filed for appellee.

CULBERTSON, J.

Defendant, Emerson J. Malouf, was tried before a magistrate in the Circuit Court of Cook County under a charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of section 18–702 of the Municipal Code of the Village of Mount Prospect. At the close of the village's case, the trial court directed a verdict for defendant, entered judgment in his favor, and ordered his discharge. The village has appealed and, inasmuch as defendant has failed to appear or to file a brief in this court, we would be justified in reversing the judgment without further discussion. (American Nat. Bank & Trust Co. v. Bergstedt, 90 Ill App2d 381, 234 NE2d 56; Klein v. Priest, 92 Ill App2d 74, 235 NE2d 870.) We are not required to do so, however, and since the issues raised are of great importance

to the village and motorists using its streets, we will decide the case on its merits.

Briefly stated, the issues on appeal arise from rulings of the trial court which were substantially as follows: (1) that the State, by the enactment of section 47 of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1965, c 95½, par 144), has "preempted the field" of proscribing and punishing the operation of a motor vehicle while under the influence of intoxicating liquor; and (2) that to permit the punishment of defendant under the municipal ordinance could subject him to double jeopardy. These rulings, in turn, raise the question of whether the village has the authority to enact and enforce its ordinance, in light of the concurrent existence of a statute proscribing the same conduct.

No useful purpose can be served by detailing the evidence presented by the village, particularly since the trial court did not base its directed verdict upon matters of evidence. Suffice it to say that we are in accord with the village that a prima facie case was made. There are, however, certain differences between the ordinance and the statute which should be noted, the first being that the ordinance makes it unlawful for a person under the influence of intoxicating liquor to operate a vehicle "within this village," while section 47 makes the same conduct unlawful when a vehicle is operated "within this State." They differ also with regard to penalty provisions, the ordinance providing only for a fine of not less than $100 nor more than $500. The statute, on the other hand, provides for imprisonment for not less than 2 days nor more than one year, or a fine of not less than $100 nor more than $1,000, or both fine and imprisonment, and also provides penalties for a second conviction. In addition, the State act requires that the Secretary of State "shall revoke the chauffeur's or operator's license of any person convicted under this section." Ill Rev Stats 1965, c 95½, par 144; see also: par 6–205.

In our opinion the trial court was plainly wrong when it held that the State statute had "preempted the field," implying thereby that the village lacked the power to pass its ordinance. Municipalities are given express authority by section 11-1-1 of the Illinois Municipal Code (Ill Rev Stats 1965, c 24, § 11-1-1), to pass and enforce all necessary police ordinances, and, generally speaking, it has long been settled that municipalities may exercise police power concurrently with the State, even though their police regulations may differ from those of the State on the same subject, so long as the municipal regulation is not in conflict with the State regulation. (City of Litchfield v. Thorworth, 337 Ill 469, 475, 169 NE 265; City of Decatur v. Schlick, 269 Ill 181, 109 NE 737; City of Chicago v. Union Ice Cream Mfg. Co., 252 Ill 311, 96 NE 872; Hankins v. People, 106 Ill 628; Wragg v. Penn Tp., 94 Ill 11.) More recently, by reasoning and statutory construction with which we are in full accord, it was specifically held in City of Highland Park v. Curtis, 83 Ill App2d 218, 226 NE2d 870, that section 47 of the Uniform Act was not intended to supersede or preempt municipal ordinances regulating drunken driving, or to deprive municipalities of the authority to enact such ordinances, and that municipalities may still regulate such conduct concurrently with the State, provided the municipal ordinance is not in conflict with, or repugnant to, the State regulation. (See also: Village of Winnetka v. Sinnett, 272 Ill App 143.) In light of this decision, the problem here becomes one of whether the ordinance of the Village of Mount Prospect is in conflict with the State act, so as to render the ordinance invalid and incapable of enforcement.

Simply stated, it was the opinion of the trial court that a conflict exists because the ordinance, unlike the statute, contains no provision requiring the Secretary of State to revoke the chauffeur's or operator's license of a person convicted of violating the ordinance. Stated in

another way, it was the trial court's conclusion that the lesser penalty provided by the ordinance caused it to conflict with the statute. Our courts have consistently held, however, that provisions for a lesser penalty do not affect the validity of a municipal ordinance, or bring it into "conflict" with the concurrent State legislation on the subject. (E. g., Village of Winnetka v. Sinnett, 272 Ill App 143, 148; City of Evanston v. Wazau, 364 Ill 198, 202, 4 NE2d 78.) The same decisions, together with City of Chicago v. Union Ice Cream Mfg. Co., 252 Ill 311, 96 NE 872, make it clear that when courts have stated that municipal ordinances may not conflict with, or be repugnant to, State legislation, they have had reference to the conduct regulated rather than the penalty. That is to say, they are speaking of a municipal prohibition of conduct permitted by statute, or vice versa, which is a complete departure from the policy of the State as declared by general legislation. Union Ice Cream Mfg. Co., supra, for example, involved a Chicago ordinance which prohibited the sale of adulterated foods. State legislation on the same subject had been adopted, and in holding that the ordinance was not in conflict with the State statute, the court said at page 315:

"This ordinance does not prohibit what the statute permits. While the ordinance attaches a less penalty for its violation than does the statute, we find no repugnancy between them. The general policy under both is the same."

The same observation may be made here. The policy of the ordinance is completely consistent with the general policy declared in section 47 of the statute, and the lesser penalty provided by the ordinance does not cause it to conflict with, or be repugnant to, the State act. We hold that the ordinance of the village in the case at bar was valid and enforceable.

While not forthrightly or clearly stated, there is an indication in the record that the court's decision that the ordinance was void and unenforceable was partly motivated by his belief that problems of double jeopardy could arise in the event defendant should subsequently be prosecuted for a violation of the State statute. In our opinion it was completely improper to determine the invalidity of the ordinance on such a speculative ground, and we do not consider that the issue of double jeopardy is properly before us. That problem, as we see it, would not become an issue unless and until an attempt is made to prosecute defendant under the State law, and the defense of double jeopardy is directly presented and determined.

For the foregoing reasons, limited by the fact defendant has not seen fit to file a brief, the judgment of the circuit court of Cook County is reversed, and the cause is remanded to that court for a new trial.

Reversed and remanded, with directions.

ALLOY, P. J. and STOUDER, J., concur.