Velma Hamel, Administratrix of the Estate of Frank Hamel, Deceased, Plaintiff-Appellee, v. Jesse G. Delicate, Defendant-Appellant.

Gen. No. 67–18.

Fifth District.

December 31, 1968.

Burroughs, Simpson and Burroughs, of Edwardsville, and Emerson Baetz, of Alton, for appellant.

Smith, Calvo, Swan & Heil, of East Alton, for appellee.

MORAN, J.

Defendant appeals from a judgment of the Circuit Court of Madison County, Illinois, in favor of the plaintiff in an action under the Wrongful Death Act.

Plaintiff's intestate, Frank Hamel, hereinafter referred to as Hamel, was employed as a highway watchman by the State of Illinois. On March 2, 1964, a portion of Illinois Highway No. 143 was being repaired by maintenance employees of the State of Illinois, and was blocked by means of barricades. Hamel was working as a flagman directing traffic around the blocked-off portion of the highway, when he was hit by a car owned and driven by the defendant, Jesse Delicate. He was taken to a hospital in Wood River and then removed to Barnes Hospital in St. Louis, where he died on March 5, 1964. Thereafter, plaintiff, who was the wife of Hamel, was appointed administratrix and filed a complaint at law on April 21, 1964, to recover damages for the death of her husband under the Illinois Wrongful Death Act (Ill Rev Stats, c 70, Par 1).

■ Appellee has not appeared or filed a brief in this court and we could, at our discretion, elect to reverse the judgment on that ground or review the case on its merits. Defendant makes no issue of liability, and in fact, has not abstracted any evidence with respect to the occurrence. Since only the single issue of the sufficiency of the evidence as to cause of death remains for determination, we elect to review the case.

The evidence was that defendant's car was traveling at a speed of from 30 to 35 miles per hour at the time it struck Hamel; that defendant at no time applied his brakes; that the impact threw Hamel three or four feet

into the air and rolled him 35 to 40 feet; that Hamel's left leg was bent under him; that it was apparent he had an arm and leg broken, because his arm would flop when they took hold of it and that a bone was protruding from his leg.

A Dr. O'Kelly testified that he first saw Hamel on March 2, 1964, at the Wood River Hospital and upon examination found pain and deformity in the left arm, an open wound in the left leg through which the tibia was protruding, complaint of pain in the hips and knee, and shock. Hamel was taken to surgery on the same day and the compound fracture of the leg was cleansed and repaired, fracture of the left femur was repaired, the compound fracture of the left humerus was cleaned and closed, a cast was applied and he was put in continuous traction. Because his kidneys failed to function, Hamel was transferred to Barnes Hospital on March 3, 1964, where an artificial kidney machine was available. In the doctor's opinion, the injuries were sufficient to cause shock which, in turn, caused low blood pressure; kidney failure was associated with the shock and low blood pressure and death is inevitable if the kidneys fail to function, unless one can use an artificial kidney. Dr. O'Kelly further testified that the failure of Hamel's kidneys would cause death unless they resumed to function.

On cross-examination Dr. O'Kelly testified that he had no direct knowledge of the condition of the kidneys or whether the blood pressure went up or down after Hamel was transferred to Barnes Hospital; that he had no contact with the patient whatsoever at Barnes because he was referred to another doctor who informed Dr. O'Kelly of Hamel's death by letter; that he had no direct knowledge of any other illnesses Hamel may have contracted at Barnes; and that of his own personal knowledge he did not know why the man died.

The plaintiff testified that her husband was in good health before the accident; that she does not recall that

her husband ever required medical treatment; that she never knew her husband to suffer from any kidney ailment; that she was with her husband all the time he was at Barnes Hospital and that he was not involved in any other accident from the time of entry in the hospital until he died. The plaintiff did not submit any other evidence as to the cause of death.

After plaintiff presented her case, the defendant did not offer any evidence and moved for a directed verdict. The motion was denied and the jury returned a verdict finding the issues in favor of the plaintiff and fixed the plaintiff's damages at $17,000. Defendant made motions for a judgment in his favor non obstante veredicto or, in the alternative, a new trial. These post-trial motions were denied and defendant now appeals, claiming that the evidence was insufficient to show a causal connection between the injury and the ensuing death.

██ As a general rule, in actions for wrongful death, the cause of death as well as the time of death are facts which may be established by circumstantial evidence. Zahn v. Muscarello, 336 Ill App 188, 83 NE2d 504. In American Nat. Bank & Trust Co. v. Peoples Gas Light & Coke Co., 42 Ill App2d 163, 191 NE2d 628, a mother, bringing an action against the gas company for the death of her son due to a gas explosion, testified that her son was in good health prior to the explosion, that he sustained severe burns as a result of the explosion, that he suffered from no other injury or disease, and that he died five days after the explosion and fire. The mother also introduced the coroner's protocol which was identified by the coroner's secretary and read to the jury because the coroner was out of state. The portion of the protocol read to the jury was the doctor's statement that, based upon autopsy, the death was due to second and third degree burns. The court held that this protocol was incompetent evidence without the testimony of the pathologist who performed the autopsy, but that no reversible error was

committed by admitting the protocol in evidence because the proximate cause of death was sufficiently proved to be due to the burns suffered by reason of the fire without use of the protocol. Id., p 178.

In Eggiman v. Wise, 56 Ill App2d 385, 206 NE2d 472, an action brought for recovery for wrongful death due to an automobile collision, the defendant contended on appeal that there was not sufficient proof that the death was proximately caused by the accident. The doctor who first treated the deceased testified that he treated the patient for three days after the accident, that the shock was so serious that he did nothing more than sandbag the fractures; that the patient's condition, including kidney function, rapidly deteriorated over the four-day period; and that the patient was transferred to another hospital which had a kidney machine. The plaintiff submitted no evidence that the intestate suffered any other injury or illness, or had any other physical condition which might have led to his death. The court said at pp 393–394:

"Defendant's contention is that since no evidence was presented of the further course of treatment at the Iowa City Hospital, or of findings after death (presumably by post mortem) that some other intervening cause could have been the reason for his death. The first treating physician who was called as a witness, testified in answer to a hypothetical question based on his findings and the findings in evidence as to Walgrave, that the death of Walgrave could have proximately resulted from the accident. Defendant contends that since there is a speculative possibility that something such as an intervening heart attack, not directly connected with the accident, might have caused his death, that there was a failure to establish that the accident was the proximate cause of death. We cannot agree with such conclusion, since it is possible, speculatively, in any case where there is no precise post mortem examina-

245

tion or close and continuous observation, to speculate about the possibility of an intervening cause. In absence of specific evidence of any such causation, and on the basis of the record which was presented in this case, the jury were entitled to find and did find that the death of Walgrave proximately resulted from the accident. Where a plaintiff makes proof by a preponderance of the evidence and the highest degree of proof available to him, he has discharged the obligation required in a civil case and is not required to make such proof beyond all reasonable doubt. (Woolley v. Hafner's Wagon Wheel, Inc., 22 Ill2d 413, 176 NE2d 757)."

██ We find that there was sufficient evidence in the present case to support a finding of a causal connection between the resultant death and the injuries. Dr. O'Kelly testified that Hamel suffered from shock and low blood pressure due to the injuries sustained in the accident; that shock and low blood pressure can cause the kidneys to fail to function and that this can lead to death. The plaintiff testified that her husband had never had any kidney ailment, that she had remained with her husband all the time he was at Barnes Hospital, and that her husband was not involved in any other accident while at Barnes Hospital. We find that the circumstantial evidence of the cause of death was sufficient to permit the jury to find that the death was the result of the injuries sustained.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.