Richard J. Daley, Local Liquor Control Commissioner of the City of Chicago, Plaintiff-Appellant, v. Jack's Tivoli Liquor Lounge, Inc., Henry Geyer, President, and the License Appeal Commission of the City of Chicago, A. L. Cronin, Chairman, Defendants-Appellees.

**Gen. No. 52,837.**

First District, Fourth Division.

December 24, 1969.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Stuart Sikevitz, Assistant Corporation Counsel, of counsel), for appellant.

Stanley W. Cooke, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This is an appeal by plaintiff, the Local Liquor Control Commissioner, from an order of the Circuit Court (under the Administrative Review Act) affirming the License Appeal Commission's reversal of plaintiff's revocation of the liquor license of Jack's Tivoli Liquor Lounge, Inc.

Plaintiff's abstracts and briefs were filed in due course, but no briefs have been filed on behalf of de-

fendants. Plaintiff has filed a motion calling our attention to this alleged default situation, and on that account requesting a judgment of reversal by this court without consideration of the case on its merits, citing a number of cases.

Granting that the authorities cited support the motion, we believe that we should not take the action requested (for reasons which we shall explain), but, rather, that we should consider the appeal on its merits, even though we do not have the benefit of an appellees' brief.

Our research on this subject has led us to very few cases decided prior to about five years ago. Since that time, however, their number has been legion, prompted largely, we have no doubt, by desire for a proper, but simple, and expeditious disposition of cases in the light of the alarming volume of appeals which have overwhelmed our Appellate Courts in recent years. This is particularly true of the First District, where all of our Divisions have filed opinions declaring that in the absence of a brief by appellee, the judgment of the trial court may be reversed without consideration of the case on its merits. E. g., Algozino v. Police Board of City of Chicago, 111 Ill App2d 34, 249 NE2d 720 (First Division); Beinarauskas v. Beinarauskas, 90 Ill App2d 381, 234 NE2d 16 (Second Division); Klein v. Priest, 92 Ill App2d 74, 235 NE2d 870 (Third Division); Tabron v. Pleasant, 64 Ill App2d 367, 212 NE2d 312 (Fourth Division). See, also, Shanholtzer v. McDaniel, 97 Ill App2d 81, 239 NE2d 459 (Second District); Village of Mount Prospect v. Malouf, 103 Ill App2d 88, 243 NE2d 434 (decided by Third District judges); Carlson v. Oberling, 73 Ill App2d 412, 218 NE2d 820 (Fourth District); and Timmerman v. Wilson, 74 Ill App2d 224, 219 NE2d 767 (Fifth District).

In all of the dozens of cases which we have examined in this matter, there is no citation to an Illinois Supreme Court decision, and we have found none which we con-

sider controlling. There are some references to ILP, Appeal and Error, § 560, which states:

> Where the appellee has filed no brief in the reviewing court, the court need not examine the record in detail or discuss the case at length, and may reverse and remand the cause, but reversal of the judgment is not required, and the reviewing court may consider and determine the case on its merits.

Among the footnote citations to this quotation is Glos v. Hallowell, 190 Ill 65, 60 NE 62. The first headnote to that opinion reads, "Failure of the appellee to file a brief in the Supreme Court is of itself ground for reversal." It is true that no brief was filed by the appellee in that case and that the judgment of the trial court was reversed, but in its opinion the court discussed only the merits of the case, and a close reading discloses no basis for the quoted headnote.

■ In People ex rel. Houston v. Frye, 35 Ill2d 591, 592, 221 NE2d 287, the court commented on the fact that it was without the assistance of a brief by the appellee, but then proceeded to consider the case on its merits, and affirmed the judgment of the trial court. That case involved habeas corpus, which is a civil proceeding (Ex parte Tom Tong, 108 US 556) and, therefore, if it were to be considered authority at all on the point now before us, it would, by inference, favor the conclusion which we reach. Since, however, the point in question was neither argued nor stated, we do not believe the decision to be a directive in the instant case.

Among all the Appellate Court opinions which have declined to consider cases on their merits, about the strongest statement is to be found in People v. Spinelli, 83 Ill App2d 391, 393, 227 NE2d 779. Defendant-Appellant had been convicted of violating a village ordinance (a civil proceeding). The court said:

The plaintiff Village has filed no brief in this court. Such circumstance is regrettable since it leaves the judgment of the trial court without the support of brief and argument to which it is justly entitled. Also, under this posture of the case, if this court is to proceed on its own initiative to determine the merits of the case, it must do so in the dual role of advocate and judge—a position abhorrent to any court.

Of late, there has been a growing tendency in this Judicial District on the part of certain attorneys on behalf of the State, its municipalities and political subdivisions, to omit the filing of an appellee's brief in compliance with Supreme Court Rule 341 and its predecessor rule. This dereliction is unfair to both the trial court and this reviewing court and, consequently, *we have determined to reverse the judgment pro forma.* (Emphasis supplied.)

Some cases have said simply, "Because of the failure of defendant to file a brief or argument, the order . . . is reversed . . . ." E. g., Johnson v. Lipsky, 88 Ill App 2d 250, 232 NE2d 119. Some cases have held that, in the absence of an appellee's brief "judgment may be reversed without initial consideration of the cause on its merits." E. g., Beinarauskas v. Beinarauskas, 90 Ill App 2d 381, 234 NE2d 16. Some have held that it is "unnecessary for us to discuss the case in full." E. g., Parkside Realty Co. v. License Appeal Commission of City of Chicago, 87 Ill App2d 374, 375. Others have said that "the reviewing court may reverse the judgment without further explanation of the merits of the appeal." E. g., Woodward v. Woodward, 96 Ill App2d 251, 252, 231 NE2d 654. Or, "this in and of itself would warrant the court in reversing the orders appealed." E. g., Dear v. Dear, 87 Ill App2d 77, 78, 230 NE2d 386. From a somewhat different point of view, some opinions have stated that

the failure to file an appellee's brief "is tantamount to confession of error." E. g., Tabron v. Pleasant, 64 Ill App2d 367, 212 NE2d 312.

Some of the decisions have referred to court rules as requiring an appellee to file a brief, and his failure so to do as noncompliance with rules. E. g., Wind v. Paulson, 76 Ill App2d 389, 222 NE2d 137; Wieboldt Stores, Inc. v. Mautner, 61 Ill App2d 368, 210 NE2d 597; and People v. Spinelli, supra. At the time of the Wind and Wieboldt cases, for example, Supreme Court Rule 39 (made applicable to this court by our Rule 5) provided in part that "Each party to a cause in this court shall file a printed brief in which the parties shall be referred to as in the trial court . . . ." A study of Rule 39 in its entirety, and in context with Rules 40 and 41, reveals, in our opinion, that the subject dealt with was essentially the form, format, and limitation of time for the filing of briefs rather than a mandatory requirement that an appellee file a brief. Ill Rev Stats 1965, c 110, §§ 101.39–101.41. In the current rules covering the same subject matter (Supreme Court Rules 341 and 343 which were involved in Spinelli, supra), the text has made this clear, we believe, through a complete revision and elimination of the language of the former rule quoted above. Ill Rev Stats 1967, c 110A, §§ 341, 343. It is interesting, also, that the Committee Comments to Rule 343 refer to the provision in former Rule 41 to the effect that an appeal would be dismissed if the appellant's brief was not filed in time. The provision, the Committee said, was omitted "as both too strict and unnecessary" in the light of the court's inherent power to dismiss an appeal for any breach of its rules. No provision was made in the former rules (nor in the current rules), nor is there any Committee Comment concerning sanctions to be exercised against an appellee for failure to file a brief. This, we believe, is a recognition of the difference between the two

situations which we shall comment on later in this opinion.

In the large group of cases we are considering, the statement most frequently made in reference to the absence of an appellee's brief, is that the judgment "may be reversed without consideration of the cause on its merits." E. g., Klein v. Priest, 92 Ill App2d 74, 235 NE2d 870. And in other opinions it has been made expressly clear that the courts are exercising a discretion which they consider to be theirs, as to whether the appeal should or should not be determined on its merits. E. g., Gunderson v. Rainbow Cleaners & Laundry, 77 Ill App2d 268, 271, 222 NE2d 41.

No case, so far as we know, has attempted to set forth in any definitive way, what factors are worthy of the court's consideration in deciding to review an appeal on its merits without benefit of an appellee's brief. The cases which have made such reviews, however, are of interest in this regard.

Some of these opinions proceed to discussion of the merits without stating any reason for doing so. E. g., Daley v. Richardson, 103 Ill App2d 383, 243 NE2d 685 (judgment reversed) ; and Fuhrer v. Fuhrer, 91 Ill App 2d 358, 235 NE2d 389 (judgment affirmed). In Gunderson v. Rainbow Cleaners & Laundry, 77 Ill App2d 268, 243 NE2d 685 (judgment affirmed), the reason given for consideration of the merits was the understandable reluctance of the appellee to incur the expense of filing a brief because of the limited amount involved. In Hamel v. Delicate, 104 Ill App2d 241, 242, 244 NE2d 401 (judgment affirmed), the court said, "Since only the single issue of the sufficiency of the evidence as to cause of death remains for determination, we elect to review the case." The reason stated in Dear v. Dear, 87 Ill App2d 77, 78, 230 NE2d 386 (reversed in part, dismissed in part), was that "the appellant, who we assume to be a

lay person without legal training, deserves more than a perfunctory disposal of her problem after her arduous labor."

What might be termed an intermediate position in review of the merits was reached in Meliach v. Guillame, 63 Ill App2d 103, 104–105, 211 NE2d 606 (judgment reversed), where the court examined the appellant's brief and "the cases cited sufficiently to conclude that the position taken was prima facie sound."

A reason more often given is that the merits will be considered because there are "important principles" involved. See Village of Mount Prospect v. Malouf, 103 Ill App2d 88, 89, 243 NE2d 434 (judgment reversed); and Mello v. Lepisto, 77 Ill App2d 399, 400–401, 222 NE2d 543 (judgment reversed). By far the largest number, however, ascribe as the reason, the avoidance of "injustice" (e. g., Matyskiel v. Bernat, 85 Ill App2d 175, 177–178, 228 NE2d 746 (judgment reversed)); or the doing of "substantial justice." E. g., Zaidenberg v. Occidental Life Ins. Co. of California, 65 Ill App2d 305, 315, 212 NE2d 526 (judgment affirmed); and Carlson v. Oberling, 73 Ill App2d 412, 218 NE2d 820 (judgment affirmed).

Of the cases we have examined in which the court considered the merits of the appeal, roughly half resulted in affirmance and half in reversal. Thus, it can be seen that merit determination has by no means been employed only when the court has been unimpressed with the appellant's brief.

■ While this Division has probably filed its share of the various types of opinions referred to above, we now conclude that the avoidance of injustice and the doing of substantial justice are concepts sufficiently sound as standards of judicial function to require their application to all cases without any process of selection.

■ At the first step in our reaching this position lies the profound difference which we perceive to exist

between default affirmance and "default" reversal of a trial court judgment. When an appellant does not pursue his appeal diligently—by failing to file his brief, or otherwise—there may very properly result either dismissal of the appeal or affirmance of the judgment. In either event, the result is the same as though there had been no appeal in the first place, a situation which obtains with respect to the vast majority of trial court judgments. Looking at the case in the totality of its voyage through the court system, there has been, at that point, only one considered judgment on the merits of the case, and it has been permitted to stand.

A very different result is reached, however, when, for lack of a brief by an appellee, there has been a reversal of the judgment without consideration of the merits. At that point in the total experience of the case, there has also been only one considered judgment on the merits, but it has not been permitted to stand. In neither case does the reviewing court make a decision as to whether or not the trial judge was correct in his judgment, yet in the latter hypothesis that judgment is set aside, and for no reason having anything to do with the considerations which determined its entry. Surely, a judgment, when viewed as the work product of the trial, is entitled to better treatment from another branch of the same judicial system. Should we not presume it to be proper unless and until we are convinced to the contrary? When the trial judge enters a judgment, and thereby exercises his ultimate judicial function, he should not have to see all that he has put into his decision in time, effort, study, skill and knowledge, held for naught, simply because, for economic or other reasons—or for no reason at all—the successful party has not seen fit to defend his judgment on appeal. This is especially true, and especially frustrating to the trial court, when, as in many such cases, the cause is remanded for a new trial without any indi-

cation of error in the first trial, and therefore without any reasonable prospect of a different result upon retrial.

Some years ago, we reached a similar result in criminal cases, and we now believe we cannot justify a different procedure in civil cases. In People v. Kelly, 66 Ill App2d 204, 209, 214 NE2d 290 we were presented with a confession of error on behalf of the State with request for reversal and remand, a situation which we deem the strongest possible "default" on the part of an appellee in the matter of defending the judgment of the trial court—an affirmative failure of support, so to speak. Yet we held that we were "not bound to recognize as error whatever a party may confess to be such, nor are we bound to follow the suggested remedy of either party for the cure of any such confessed error." We cited Young v. United States, 315 US 257, 258–259, where the Supreme Court said:

> The public trust reposed in the law enforcement officers of the Government requires that they be quick to confess error when, in their opinion, a miscarriage of justice may result from their remaining silent. But such a confession does not relieve this Court of the performance of the judicial function. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed.

See also: Sibron v. New York, 392 US 40, 58–59; United States v. Holton, 227 F2d 886; 893–895 (7th Cir), cert den 350 US 1006; People v. Puleo, 71 Ill App2d 173, 218 NE 2d 41; People v. Mortenson, 224 Ill App 221; People v. Allen, 71 Ill App2d 283, 218 NE2d 837; People v. Fitzgerald, 91 Ill App2d 191, 234 NE2d 79.

Cates v. Haderlein, 342 US 804, was a civil suit for injunction. There, the United States Supreme Court, in

reversing and remanding for further proceedings, made it clear that its action was taken not only upon consideration of a confession of error, but also upon its own consideration of the record.

■ All of which leads us to conclude that a reviewing court may properly affirm (or dismiss) for failure of compliance with its rules, but it should not reverse a trial court judgment except after consideration of the merits of the appeal.

We turn, then, to consideration of this appeal on its merits.

■ Among the findings of the Mayor, as Local Liquor Control Commissioner, was one that the bartender on the licensed premises permitted a female to solicit a police officer to engage in acts of prostitution, in violation of the statute prohibiting such solicitation. Ill Rev Stats 1967, c 38, § 11–15. It is clear that if this finding was supported by substantial evidence, it constituted a sufficient cause for the order of license revocation. Article VII, section 5, of the Liquor Control Act authorizes revocation if the licensee violates any rule of the State Liquor Control Commission. Ill Rev Stats 1967, c 43, § 149. In turn, Rule 3 of the State Commission provides, in substance, that a licensee shall not permit a violation of any state law on the licensed premises. See Daley v. Johnson, 89 Ill App2d 100, 233 NE2d 95; Daley v. Rifkin, 84 Ill App2d 467, 228 NE2d 224; and Daley v. Ryan, 80 Ill App2d 44, 225 NE2d 143.

We also conclude, on the basis of our examination of the record, that the Mayor's finding in question was supported by substantial evidence. The police officer (who was assigned to the Vice Control Division) testified that while he was sitting at the bar in civilian clothes, a woman approached and sat beside him; that they had a conversation in which she suggested that she would engage in sexual intercourse with him for a fee of $20, plus room rent at a nearby hotel, to all of which he

agreed; that while this solicitation was being made, the bartender was standing in front of them across the bar, three or four feet away.

He testified further that he then had a conversation with the bartender at the package goods counter, telling him where he was going with the woman and the arrangements she had made with him for $20. He said he also told the bartender he had a quantity of money on him and asked "if she was all right." The reply was that she "constantly came into the tavern"; "that he had never known her to get into any trouble"; and that if he [the witness] wanted him to, he [the bartender] would hold his money for him until he returned from the hotel, which offer was declined. Continuing, the officer testified that he told the bartender that the woman wanted to take with them a bottle of whiskey, which he proceeded to buy, and then, before leaving, he bought a round of drinks for the bartender, the woman, and himself; that he and the woman then went to the hotel room where she disrobed, he paid her the $20, and placed her under arrest.

The bartender's testimony corroborated that of the officer in general outline, but he denied that he had been told by the officer about the arrangements with the woman. Further, he testified that at the package goods counter, the officer "asked me if I get his money and I said, 'keep your money.'" He also denied that he had offered to hold the officer's money for him, but, on the contrary, had refused to do so.

The judge in the Circuit Court decided that the officer's testimony was insufficient to show a violation of the statute, making reference to the case of Daley v. License Appeal Commission, 54 Ill App2d 265, 204 NE2d 36, although conceding that this case could be distinguished on the facts. In a colloquy explaining his conclusion, the judge stated that the evidence in this case "borders on entrapment"; that the seriousness of prosti-

tution and the problem of keeping licenses in proper hands "didn't give the police officer the right to manufacture the evidence that is now used later to incriminate any defendant."

 In cases of this kind, we, and the Circuit Court, and the License Appeal Commission are all required to accept the judgment of the Local Commissioner as to the credibility of the witnesses. It is only he, as the trier of the facts, who is authorized to assess credibility, weigh the evidence, reconcile conflicting evidence, if possible, and, if not possible, determine which witnesses are worthy of belief. Crepps v. Industrial Commission, 402 Ill 606, 615, 616, 85 NE2d 5; Parker v. Department of Registration and Education, 5 Ill2d 288, 293, 294, 125 NE2d 494; Adamek v. Civil Service Commission of Chicago, 17 Ill App2d 11, 20, 149 NE2d 466; Daley v. Rifkin, 84 Ill App2d 467, 470, 228 NE2d 224; Ill Rev Stats 1967, c 43, § 153 and c 110, § 274. Neither the Circuit Court nor this court should disturb the Commissioner's decision so long as it is supported by substantial evidence, and is neither arbitrary nor contrary to the manifest weight of the evidence. Daley v. Kilbourn Club, Inc., 64 Ill App2d 235, 211 NE2d 778; Daley v. Johnson, 89 Ill App2d 100, 233 NE2d 95. See also Nechi v. Daley, 40 Ill App2d 326, 335–336, 188 NE2d 243 where the court said:

> Under the Administrative Review Act the findings and conclusions of the administrative agency on questions of fact are to be held prima facie true and correct (Ill Rev Stats 1961, c 110, § 274). The law in Illinois is well settled that the scope of judicial review is limited to a consideration of the record to determine if the findings and orders of the administrative agency are against the manifest weight of the evidence, and it has been consistently held that the courts are not authorized to reweigh

the evidence or to make an independent determination of the facts. [Citations omitted.]

 In our opinion, the testimony of the police officer was adequate to establish violation of the soliciting statute and, therefore, adequate also to support the license revocation. We are unable to find in this record anything other than possible disbelief of this evidence (which, as we have pointed out, is not available to us) to justify the Circuit Court's determination that it amounted to entrapment or was otherwise insufficient.

The judgment of the Circuit Court is therefore reversed and the cause is remanded with direction to reverse the order of the License Appeal Commission and affirm the license revocation order of the Local Liquor Control Commissioner.

Reversed and remanded with directions.

DRUCKER, P. J. and STAMOS, J., concur.