VICTOR SARYTCHOFF, Plaintiff-Appellee, *v.* THE LICENSE APPEAL COMMISSION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

(No. 55473;

First District (5th Division)—April 27, 1973.

*Rehearing denied June 1, 1973.*

Richard L. Curry, Corporation Counsel, of Chicago, for appellants.

Joel L. Greenblatt, of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal by defendants from the entry of a judgment reversing an order of the License Appeal Commission which had sustained the Local Liquor Control Commissioner's revocation of the liquor license of the plaintiff.

■■ Although no brief has been filed by plaintiff, we will examine the record to determine whether the defendants are entitled to the relief requested. *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264, 254 N.E.2d 814.

A question was raised in the circuit court concerning whether the plaintiff (licensee) had his "day in court" in the hearing before the Local Liquor Control Commissioner. The record shows that on March 28, 1969, the licensee was served with notice that a hearing would be held on April 2, 1969, on the question of whether his retailer's license issued by the Liquor Control Commissioner should be revoked. The notice stated the charges were: (1) the licensee operated a disorderly house in that he failed to notify the police department of an unconscious man on the licensed premises contrary to ordinances, statutes and rules of the Illinois Liquor Control Commission and (2) the licensee sold, through an agent, alcoholic beverages to an intoxicated person also contrary to ordinances, statutes and Commission rules. The notice informed the licensee of his right to be represented by counsel and that he could produce witnesses and introduce testimony on his own behalf.

The plaintiff appeared at the hearing on April 2, 1969, and announced that he was not ready to proceed and that his attorney was out of town. Two witnesses called by the defendants were present and, after informing plaintiff that the witnesses could be brought back, the Commissioner proceeded to take their testimony following which he informed the plaintiff that he would hold the witnesses until his attorney could appear. The attorney could not be reached and the matter was then continued to April 21, 1969, and plaintiff was informed that he should tell his lawyer to notify the City if he wanted the witnesses back on that date for additional interrogation.

On April 21, 1969, plaintiff's attorney requested a continuance. Thereafter, hearings were set on four different dates with testimony completed on June 23, 1969, with additional proceedings held on July 15 and August 6, 1969.

The record discloses that no request was made at any time by plaintiff or his attorney that the two witnesses who testified on April 2, 1969, be brought back. It is assumed that plaintiff was either satisfied with their testimony or that he was unable to impeach them or otherwise attack their credibility. The record reveals no other limitation on any right of the plaintiff to interrogate or present witnesses. The license was then revoked and the revocation was affirmed by the License Appeal Commission.

■■ We conclude that the Local Commissioner did not abuse his discretion in taking the testimony of the two witnesses on April 2, 1969, and that the plaintiff was accorded a reasonable opportunity to make a complete presentation of his case in the hearing before the Local Liquor Control Commissioner.

We now turn to the question of whether the circuit court may have properly reversed for other reasons.

The Commissioner found that the charges against plaintiff as set forth above were supported by substantial evidence in the light of the whole record.

■■ Defendants have not pointed out, nor does the record disclose, the ordinances, statutes or Commission rules that the licensee violated by not notifying the police department of an unconscious person in the licensed premises and, accordingly, we hold that the record does not sustain this finding and we turn again to the record to consider the second finding in which the Local Commissioner found that plaintiff had made an unlawful sale to an intoxicated person. The statute involved is sec. 12 of the Liquor Control Act (Ill. Rev. Stat. 1967, ch. 43, par. 131), which provides in part as follows:

> "No licensee or any * * * agent or employee of such licensee shall sell, give or deliver alcoholic liquor * * * to any intoxicated person or to any person known to him to be a habitual drunkard * * *."

The record discloses substantial evidence to support the finding that alcoholic liquor was served to an intoxicated person. Witnesses Jane Fehrlan and Helen Lily testified that after they and Allen Young had two beers the bartender (apparently by way of a challenge) told Allen Young that he couldn't take care of 13 drinks and be able to walk out. The bartender did not charge for these drinks which were a mixture of whiskey and schnapps served in water glasses about two inches tall. After

Young finished the 13 drinks, the bartender, over the objections of the two witnesses, insisted that Young drink one more, which he did, and immediately fell off the bar stool, landing on the floor unconscious. He was carried with the help of three others to the apartment of witness Fehrlan where he was placed, still unconscious, on a couch at about 1:30 or 2:00 A.M. He died in her apartment later that day. Police officer Shannon said that the bartender, who did not testify, informed him that Allen Young had 10, 12 or 14 drinks. The plaintiff stated that the bartender informed the police officer that Allen Young had several drinks, but did not indicate any number. Plaintiff's witness, Danny Young, testified that he was in the premises from 11:00 P.M. and was seated next to Allen Young who was drinking 7 Up and 7 Crown. He observed nothing unusual about Allen Young, and when he left about 2:45 A.M. Allen Young was still there and was not under the influence of intoxicating liquor.

■■ In cases of this type, a circuit judge is limited to matters of record. *Weinstein v. Daley,* 85 Ill.App.2d 470, 229 N.E.2d 357 and, as stated in *Nechi v. Daley,* 40 Ill.App.2d 326, 188 N.E.2d 243, a circuit court may consider only two questions, (1) whether the Local Liquor Control Commissioner had acted arbitrarily or in clear abuse of his discretion and (2) whether the order entered by the Local Commissioner was contrary to the manifest weight of the evidence.

■■ We and the circuit court are required to accept the judgment of the Local Commissioner as to the credibility of the witnesses. Only he, as the trier of the facts, is authorized to assess credibility, weigh the evidence, and determine which witnesses are worthy of belief. (*Crepps v. Industrial Com.,* 402 Ill. 606, 615, 616, 85 N.E.2d 5; *Daley v. Jack's Tivoli Liquor Lounge, Inc.,* 118 Ill.App.2d 264, 254 N.E.2d 814.) See also *Nechi v. Daley,* 40 Ill.App.2d 326, 188 N.E.2d 243, where the court said:

> "Under the Administrative Review Act the findings and conclusions of the administrative agency on questions of facts are to be held prima facie true and correct (Ill. Rev. Stats. 1961, ch. 110, sec. 274). The law in Illinois is well settled that the scope of judicial review is limited to a consideration of the record to determine if the findings and orders of the administrative agency are against the manifest weight of the evidence, and it has been consistently held that the courts are not authorized to reweigh the evidence or to make an independent determination of the facts. [Citations omitted.]"

■■ From our examination of the record we conclude that there was no

abuse of discretion in the finding of the Local Commissioner nor was the order entered by him against the manifest weight of the evidence.

The judgment of the circuit court is therefore reversed and remanded with directions to affirm the order of the License Appeal Commission.

Reversed and remanded with directions.

DRUCKER, P. J., and ENGLISH, J., concur.