556 P.2d 858

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gary Thomas LANDERS, Defendant-Appellant.**

**No. 12129.**

Supreme Court of Idaho.

Nov. 24, 1976.

Michael J. Verbillis, Coeur d'Alene, for defendant-appellant.

Gordon S. Nielson, Sr. Deputy Atty. Gen., Wayne L. Kidwell, Atty. Gen., Boise, Gary M. Haman, Pros. Atty., Kootenai County, Coeur d'Alene, for plaintiff-respondent.

PER CURIAM.

On May 30, 1975, the defendant and two other passengers were seated in the defendant's car which was parked off the side of the road. A deputy from the Kootenai County Sheriff's office approached the scene and decided to investigate the parked car. This officer testified in the court below that upon approaching the car he detected a strong odor of marijuana. He thereupon requested that the occupants of the car leave the vehicle, which they did, and conducted a pat-down search. The search proving fruitless, the officer requested backup assistance. While the backup officer guarded the suspects, the first deputy searched the automobile and eventually found marijuana in the console. This officer further testified that he observed no one in the vehicle smoking marijuana and also that he did not observe any marijuana as he peered into the automobile.

During the trial, the defendant filed a motion to suppress evidence obtained in the search based on the warrantless search of the car. This motion was denied on the grounds that the search was constitutional. The defendant was found guilty by a jury verdict on November 3, 1975, of the offense of possession of a controlled substance.

Subsequent to the trial, this court handed down the decisions in *State v. Miles*, 97

Idaho 396, 545 P.2d 484 (1976), and *State v. Oropeza*, 97 Idaho 387, 545 P.2d 475 (1976). As a result of the holdings in these decisions, the Attorney General has, due to the similarity of the facts of this case, confessed error. See *Marks v. State*, 496 P.2d 66 (Alaska 1972); *People v. Lewis*, 26 N.Y.2d 547, 311 N.Y.S.2d 905, 260 N.E.2d 538 (1970); *People v. Fitzgerald*, 91 Ill.App.2d 191, 234 N.E.2d 79 (1968); *Casey v. State*, 440 P.2d 208 (Okl. 1968).

The judgment is reversed and cause remanded.