(No. 41752.—)

JIMMIE N. W. SHEPARD, Appellee, *vs.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Appellants.

*Opinion filed September 26, 1969.*

WILLIAM G. CLARK, Attorney General, of Springfield, and MAX J. LIPKIN, of Peoria, (FRED G. LEACH, Assistant Attorney General, of counsel,) for appellants.

ELLIOTT B. YOUNG, of Peoria, and PREE & PREE, of Springfield, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendants, Illinois Liquor Control Commission (hereinafter referred to as the Commission), and Robert Lenhausen, mayor and local liquor control commissioner of the city of Peoria, appeal to this court from a judgment of the circuit court of Sangamon County declaring portions of section 8 of article VII of the Liquor Control Act unconstitutional.

Plaintiff Shepard has for several years operated a tavern-lounge in the city of Peoria known as the "Combo Club". As a form of entertainment the club provided burlesque shows, strip-tease and "a-go-go" dancing. In October 1966, Shepard entered into an agreement with Lenhausen wherein he accepted, in lieu of revocation of his license, a 30-day voluntary suspension conditioned on the discontinuance of the above forms of entertainment. Subsequently, on February 8, 1967, Lenhausen served notice on plaintiff to appear before the local commissioner and answer charges that he had violated section 3—17.3 of the Municipal Code of Peoria, a local "B" girl ordinance, and the October 1966 agreement. After a hearing, Lenhausen on March 2, 1967, entered an order revoking plaintiff's license from which order Shepard appealed to the Commission. Upon a review of the record, the Commission affirmed Lenhausen's order. Plaintiff filed for administrative review in the circuit court

of Sangamon County which entered a stay order pending its decision. On March 3, 1967, while appeal was pending in the first cause, plaintiff filed an application for renewal of his license. Pursuant to notice by Lenhausen, a hearing was ordered, and on May 4, 1967, plaintiff's application was denied. Appeal to the Commission followed. In the interim, Lenhausen, on January 25, 1968, issued notice of hearing regarding the revocation of plaintiff's license for violation of section 3—17.3 of the Municipal Code of Peoria and section 26.1—2 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 26.1—2) which prohibits solicitation by females of beverages from patrons. The local commissioner entered an order on February 2, 1968, revoking plaintiff's license and he appealed to the Commission. Upon review of the record in both the denial of application and second revocation-of-license case the Commission affirmed Lenhausen's decisions and plaintiff filed in the circuit court for administrative review. The circuit court consolidated all three cases and, after trial, issued judgment: "That the Complaint of the Plaintiff in each of the cases is well founded, and that the Plaintiff has been denied the due process of the law, and further, that the statute entitled 'An Act Relating to Alcoholic Liquor' approved January 31, 1934, as amended, denies to the Plaintiff the equal protection of the laws and is discriminatory as against this Plaintiff in its application so far as said statute narrowly and specifically relates to cities with between 100,000 and 500,000 population, and for this reason is contrary to the provisions of Article 4, Section 22 of the Constitution of the State of Illinois."

The principal issue presented here arises from a 1965 amendment to section 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1967, ch. 43, par. 153) providing differing procedures based on population, for review of decisions of local liquor control commissioners. This section, as amended, provides, in pertinent part, that appeals from orders of the local commissioner in municipalities of under

100,000 population shall be determined on a trial *de novo* by the State Commission; appeals from local commission orders in municipalities of 100,000 or more but less than 500,000 population are to be determined by the State Commission on review of the official record of proceedings before the local commissioner.

Plaintiff contends that by allowing inhabitants of municipalities of under 100,000 population *de novo* review by the State Commission and denying that same relief to inhabitants of municipalities between 100,000 and 500,000 population, the Act creates arbitrary and discriminatory class legislation in violation of section 22 of article IV of the Illinois constitution. Additionally, plaintiff claims that he was deprived of due process of law in that he was not given proper notice of the hearings before the local commissioner. However, because of the approach we take regarding the constitutional issue we need not consider this latter contention.

"A classification will suffice as a basis for legislation if such classification is based on a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests." (*Gaca* v. *City of Chicago*, 411 Ill. 146, 149.) "This court has frequently held that differences in the size of municipalities may raise special or unique problems in connection with many activities which justify classification * * *." (*Du Bois* v. *Gibbons*, 2 Ill.2d 392, 402.) However, in the absence of such a difference, legislative classification upon the basis of population is discriminatory and invalid. (*Giebelhausen* v. *Daley*, 407 Ill. 25, 37; *Kremers* v. *City of West Chicago*, 406 Ill. 546, 551; see also *Johnkol, Inc.* v. *License Appeal Com.*, 42 Ill.2d 377.) "While it is competent for the legislature to determine upon what difference a distinction may be made for the purpose of statutory classification of objects otherwise having a resemblance, and while the legislature is not required to be scientific, logical or consistent in its classification, yet these

propositions however stated are always subject to the qualification that the power must not be arbitrarily exercised and that the distinction has a reasonable basis when considered with reference to the purposes of the legislation. [Citations.] Each person subject to the laws has a right that he shall be governed by general, public rules. Laws and regulations entirely arbitrary in their character, singling out particular persons not distinguished from others in the community by any reason applicable to such persons, are not of that class. Distinctions in rights and privileges must be based upon some distinction or reason not applicable to others. [Citation.] It is only when such distinctions exist that differentiate, in important particulars, persons or classes of persons from the body of the people, that laws having operation only on such particular persons or classes of persons have been held to be valid enactments." *Marallis* v. *City of Chicago,* 349 Ill. 422, 427-428; *Giebelhausen* v. *Daley,* 407 Ill. 25, 39.

The cities of Peoria (pop. 129,992) and Rockford (pop. 133,522) are the only two municipalities in this State having a population between 100,000 and 500,000. We are unable to perceive any rational basis for the different treatment accorded on review to orders emanating from these municipalities and municipalities of under 100,000 population, such as Springfield (pop. 90,401), Decatur (pop. 88,536), East St. Louis (pop. 81,712), and Skokie (pop. 70,178). Accordingly, it would be manifestly inconsistent to hold that two individuals charged with similar violations and prosecuting appeals to the same reviewing board may be accorded substantially different appellate review on the theory that one comes from an inappreciably larger community than the other.

We therefore hold that portion of section 8 of article VII of the Liquor Control Act, which relates to municipalities having a population between 100,000 and 500,000 inhabitants, to be in violation of section 22 of article IV of the Illinois constitution.

The judgment of the circuit court of Sangamon County is accordingly affirmed.

*Judgment affirmed.*