MARGARET'S RESTAURANT & LOUNGE, INC., Plaintiff-Appellee, *v.* RICHARD J. DALEY, Local Liquor Control Commissioner, *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 77-93

Opinion filed May 17, 1978.—Rehearing denied June 20, 1978.

522

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Mary Denise Cahill, Assistant Corporation Counsel, of counsel), for appellants.

Julius L. Sherwin and Scott D. Sherwin, both of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

An action was brought to revoke plaintiff's liquor license. The local liquor control commissioner of Chicago revoked the license, and that decision was sustained by the license appeal commission. Plaintiff brought an administrative review action in the circuit court of Cook County and the court reversed the decision of the commissioner as sustained by the commission. Defendants appeal.

Plaintiff originally was charged with three offenses: that through an agent it committed a battery on an employee; that through its agent, Margaret Genoff, plaintiff knowingly employed a minor as a go-go dancer; and that through its agent plaintiff knowingly kept a house of prostitution. The city withdrew the battery charge and presented evidence on the other two matters.

Rose Kornijtschuk testified that her daughter Tanja was born on June 13, 1959.

Officer Thomas Fortuna of the Chicago Police Department testifed that on June 25, 1975, along with another officer, he had a conversation with the managing agent of plaintiff's lounge, Margaret Genoff, on the licensed premises. Rose Kornijtschuk also was present. Genoff stated that she had employed Tanja as a dancer, but that Tanja had not danced topless. Genoff did not know that Tanja was underage, and did not know whether Tanja had served drinks. The police had been summoned to the premises by Tanja's mother.

Tanja Kornijtschuk testifed that on June 25, 1975, at about 8:30 p.m. she went to plaintiff's lounge seeking employment. Genoff said she needed a dancer. The hours would be 9 p.m. to 4 a.m., and the salary would be $30 a night. Tanja asked whether she would be paid nightly or by the week, and Genoff replied that they would talk about it in a few days after she saw how Tanja was doing. Tanja was 16 years old. Genoff asked if she was of age and Tanja said that she was but did not have any identification with her. Genoff said to bring the identification later in the week. Genoff served Tanja a drink. A barmaid who also was a dancer took Tanja to a rear room for a bikini-like costume. The fringed top did not fit so Tanja put white tape over her breasts. Tanja returned to the bar with her dress on over the costume. Genoff introduced Tanja to a man and gave her a dollar, saying that the man had given her the money for Tanja to use in the jukebox when she danced. At Genoff's direction, Tanja took off her dress and ascended the stage. She danced four numbers at that time for about 15 to 20 minutes. She danced on the stage once or twice more that evening, but became drunk and ran out of the bar without being paid. Tanja had run away from home and was sleeping under a stairway.

Margaret Genoff, plaintiff's managing agent, testified that on the evening in question Tanja entered the premises with a man named Larry. The latter asked Genoff if she had a job for Tanja as a dancer. When questioned, Tanja produced a driver's license which showed her to be 21 years old. Genoff said that Tanja would have to try out on the stage before she could be hired. Larry departed and returned with a costume. Tanja danced on stage. When Tanja finished, Genoff said that at the time she did not need anyone. Melanie Sims, Genoff's daughter, corroborated the latter's testimony.

As to the other charge, Officer Robert Veguilla of the Chicago Police Department testified that on July 8, 1975, he entered the premises alone in civilian clothes. Genoff approached and asked if this was his first visit. When he replied affirmatively, Genoff brought Tan Sorrell over and suggested that he buy Tan a drink. After Genoff left the pair alone, Tan asked the witness if he was looking for a good time and began fondling him. He replied that he was looking for a good time, and Tan said that it would cost him $50 to engage in oral copulation with her. The witness agreed but said that he would have to get more money. When he returned with the money, he told Genoff that he was going to pay Tan $50 for an act of sexual intercourse, and asked if Tan was clean. Genoff said that Tan appeared alright to her, but added: "Anything you do, that's not my concern. That's up to you." Genoff was not present when the witness had the conversation with Tan about the sexual act. After the officer's return with the money and his conversation with Genoff, he sat down with Tan.

He told Tan he had the money, and she resumed fondling him. She said she was ready for the date. He signalled his partners, and several arrests were made.

The local commissioner revoked the license, finding that plaintiff through its agent Genoff knowingly had employed a minor as a go-go dancer and knowingly had kept a place of prostitution. The license appeal commission upheld the ruling; the trial court reversed it.

Because the issue is determinative of the appeal, we shall consider only the commissioner's initial finding that plaintiff through its agent Genoff knowingly employed a minor as a go-go dancer.

■■ It is the local liquor control commissioner as the trier of fact who is authorized to assess credibility and to weigh the evidence in cases of this kind. (*Daley v. Rifkin* (1967), 84 Ill. App. 2d 467, 228 N.E.2d 224.) Neither the circuit court nor this court should disturb the commissioner's finding so long as it is supported by substantial evidence, and is neither arbitrary nor contrary to the manifest weight of the evidence. (*Daley v. Kilbourn Club, Inc.* (1965), 64 Ill. App. 2d 235, 211 N.E.2d 778.) Courts are not authorized to reweigh the evidence or to make an independent determination of the facts. (*Nechi v. Daley* (1963), 40 Ill. App. 2d 326, 188 N.E.2d 243.) In the present case we hold that the commissioner's finding in question was supported by substantial evidence.

■■ The Municipal Code of Chicago provides that it is unlawful to "engage or employ or permit any minor to work or to entertain * * * in or upon the licensed premises where the principal business is the sale of alcoholic liquor, while such premises are open for the sale at retail of alcoholic liquor." (Municipal Code of Chicago, ch. 147, par. 147—14.) From the evidence adduced by the city before the commissioner, the minor was allowed, encouraged, and even directed to ascend the stage and to entertain plaintiff's customers in a costume furnished by plaintiff's agent. Plaintiff's managing agent had informed the minor as to the hours of employment and that the salary would be $30 a night. It is thus clear that the commissioner as trier of fact could conclude that the minor was employed by plaintiff, if only for one evening, to dance at the licensed premises. The fact that a party performs work for another is prima facie evidence of employment and supports a presumption that the party is an employee of the other, in the absence of evidence to the contrary. (*Winston v. Sears, Roebuck & Co.* (1967), 88 Ill. App. 2d 358, 233 N.E.2d 95.) We agree with the city that the fact the minor received no pay for dancing is immaterial. The important fact for the resolution of the issue is that the minor performed work on plaintiff's premises. Indeed, the police officer testified that Genoff told him she employed the minor. There was substantial and competent evidence to support the finding that the minor was an employee. As to whether plaintiff knowingly employed a minor,

the commissioner had the minor before him as a witness and could make a judgment as to her appearance. Additionally, the city adduced evidence that, when the minor stated she was of age but had no identification, plaintiff's agent replied that she could bring the identification later in the week. Licensees may not deal with such an important matter as the employment of a minor in such a casual manner. The commissioner's finding that plaintiff knowingly hired a minor as a dancer was not contrary to the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.