FRANCISCO MALDONADO, Plaintiff-Appellant, *v.* LICENSE APPEAL COMMISSION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 79-1494

Opinion filed September 23, 1981.—Rehearing denied October 27, 1981.

Mitchell, Hall, Jones & Black, P. C., of Chicago (Richard N. Kaplan, of Rosenfield, Kaplan & Halperin, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Wayne T. Oesterlin, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Francisco Maldonado, filed a complaint for administrative review of defendant License Appeal Commission's decision to sustain the local liquor control commissioner's order revoking plaintiff's liquor license. The trial court affirmed the decision of defendant. On appeal, plaintiff contends that there was insufficient evidence to support the

finding of the local liquor control commissioner that an act of prostitution occurred on the premises. (Ill. Rev. Stat. 1975, ch. 38, par. 11—14(a)(2).) He also contends that sections 5 and 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, pars. 149, 153) violate the equal protection clauses of the Federal and State constitutions. We affirm.

We first address plaintiff's contention that there was insufficient evidence to support the finding that an act of prostitution occurred on the licensed premises located in Chicago, Illinois. A Chicago police officer testified that on July 17, 1977, he was on the licensed premises at about 11 p.m. He observed three women behind the bar. On three occasions, he saw the women speaking with male patrons. After a short conversation, the women entered a room at the rear of the tavern. They emerged 10-15 minutes later. One of the women behind the bar approached the officer and asked if he wanted a drink. When he replied that he did, she served him, took his money and put it in the cash register. She then asked the officer if he wanted to go in the back room, and he asked, "How much?". She told him it would cost $25. When he asked, "What for?" she pointed to plaintiff and said "$5 for the owner and $20 for me." The officer then inquired what he would get for $20, and she replied, "Head," a term recognized by the officer as meaning oral copulation. The woman, whose name the officer later determined was Mary Jackson, was then placed under arrest along with plaintiff.

Plaintiff denied knowing anyone named Mary Jackson or that a Mary Jackson worked for him. He testified that Brandy Hall was working the bar that night. Plaintiff's wife testified that she lived with plaintiff and their five children in an apartment at the rear of the tavern. She did not work in the tavern and did not know a Mary Jackson. She stated that on the night of July 17, 1977, she was at home asleep with the children.

■■ Since the officer's testimony was contradicted by the testimony of plaintiff and his wife, the essential issue became one of credibility. Questions of credibility are to be resolved by the local liquor control commissioner. (*Legones v. License Appeal Com.* (1968), 100 Ill. App. 2d 394, 403, 241 N.E.2d 499, 503.) The findings of the commissioner will not be disturbed as long as they are supported by substantial evidence and are not arbitrary or contrary to the manifest weight of the evidence. *Margaret's Restaurant & Lounge, Inc. v. Daley* (1978), 60 Ill. App. 3d 521, 524, 377 N.E.2d 155, 157; *Childers v. Illinois Liquor Control Com.* (1966), 67 Ill. App. 2d 107, 112, 213 N.E.2d 595, 597.

■■ Here, the commissioner chose to believe the police officer's testimony, and that testimony was sufficient to show that the prostitution statute was violated by one of plaintiff's employees. (Compare *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1969), 118 Ill. App. 2d 264, 254 N.E.2d 814.) A liquor license may be revoked for cause based on the conduct or

actions of the licensee or the conduct or actions of others for whom he is deemed responsible or chargeable. (See *Childers*, 67 Ill. App. 2d 107, 113, 213 N.E.2d 595, 598.) Pursuant to section 3 of article X of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 185), a licensee is accountable for the actions of his employees. The performance of work for another is prima facie evidence of employment and supports a presumption that the party is an employee, in the absence of evidence to the contrary. (*Margaret's Restaurant & Lounge, Inc.* (1978), 60 Ill. App. 3d 521, 524, 377 N.E.2d 155, 158.) Therefore the police officer's testimony that the woman who offered to perform the deviate sexual act was behind the bar at plaintiff's tavern, and that she served him a drink and put his money in the cash register while plaintiff was also behind the bar was sufficient to establish that she was employed by plaintiff. The commissioner was not required to believe plaintiff's testimony that plaintiff's only employee was named Brandy Hall.

Accordingly, we conclude that there was sufficient evidence to support the finding of the commissioner that plaintiff "by and through his agent, MARY JACKSON, knowingly offered or agreed to perform an act of prostitution for money with * * * a patron, said offer or agreement being made on the licensed premises, contrary to Chapter 38, §11—14(a)(2), Illinois Revised Statutes 1975."

We next address plaintiff's other contention. Plaintiff appealed the commissioner's order revoking his license to defendant License Appeal Commission and then presented a motion for a trial de novo. The City objected to the motion, arguing that the statutory provision allowing trial de novo before defendant applied only to municipalities of 500,000 inhabitants or less and that Chicago is a municipality with a population greater than 500,000. The motion was denied, and defendant entered an order sustaining the revocation of plaintiff's liquor license.

Plaintiff contends that sections 5 and 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, pars. 149, 153) are violative of equal protection. According to plaintiff, these sections create an unconstitutional classification based on population. Pursuant to these provisions, review by defendant of an order issued by the local liquor control commissioner in a municipality of 500,000 or more inhabitants is limited to the record. However, when review of an order issued by the local liquor control commissioner in a municipality of less than 500,000 inhabitants is sought, the matter is tried de novo. Plaintiff asserts that this distinction is arbitrary and irrational, and that the purposes of the Liquor Control Act are not served by using population as a means of determining the type of review. Plaintiff states that he is not arguing that there should be trial de novo in all municipalities, but only that all reviews should be conducted in the same manner.

Our supreme court has recognized that the difference in the size of municipalities may raise special or unique problems in connection with many activities which justify classification. (*Du Bois v. Gibbins* (1954), 2 Ill. 2d 392, 402, 118 N.E.2d 295, 301; *Shepard v. Illinois Liquor Control Com.* (1969), 43 Ill. 2d 187, 190, 251 N.E.2d 206, 208.) The court has further observed that "perfect uniformity of treatment of all persons is neither practical nor desirable." (*Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 193, 106 N.E.2d 124, 132; *Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 497, 336 N.E.2d 881, 883.) A classification, however, cannot be arbitrary or unreasonable (*Davis*, 61 Ill. 2d 494, 497, 336 N.E.2d 881; 883), but must be predicated on some substantial difference in circumstances or conditions properly related to the classification. (*Hamilton Corp. v. Alexander* (1972), 53 Ill. 2d 175, 179, 290 N.E.2d 589, 591.) Legislative classifications are imbued with a presumption of constitutionality, and they will be upheld against attack on constitutional grounds as long as any state of facts reasonably may be conceived to justify them. *Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 419, 367 N.E.2d 1325, 1327.

In *Rincon v. License Appeal Com.* (1978), 62 Ill. App. 3d 600, 605, 378 N.E.2d 1281, 1285, section 8 of article VII of the Liquor Control Act was attacked as unconstitutional because it violated the prohibition against special or local laws (Ill. Const. 1970, art. IV, §13). The court stated that a legislative classification based on population is valid as long as there is a reasonable basis for it. The *Rincon* court took judicial notice of the fact that Chicago is the only municipality with a population greater than 500,000, and it stated that a classification is not invalid merely because Chicago is differentiated from other municipalities as long as the distinction has a reasonable basis. 62 Ill. App. 3d 600, 605-06, 378 N.E.2d 1281, 1285-86.

In determining that section 8 of article VII did not violate the prohibition against special or local laws, the *Rincon* court recognized a rational basis for distinguishing the type of review available in municipalities with populations under 500,000 as compared with the type of review available in municipalities with populations of 500,000 or more. The court stated:

"Section 8 [of article VII] sets out procedures for reviewing decisions of local liquor control commissioners. Its objectives are (1) to ensure that local commissioners act within the scope of their authority and (2) to secure for licensees as well as for license applicants the effective administration of justice. The availability of review without undue delay is essential to the achievement of these objectives.

Densely populated municipalities present problems of complex-

ity and volume not encountered in less populated municipalities. It was not unreasonable for the legislature to conclude that despite the desirability of a hearing *de novo*, such review in municipalities of over 500,000 was simply impractical and that a review limited to the record was necessary to ensure the timely and effective discharge of the License Appeal Commission's duties." 62 Ill. App. 3d 600, 605-06, 378 N.E.2d 1281, 1286.

We believe that this analysis is similarly applicable when analyzing sections 5[1] and 8 of article VII in terms of equal protection. Although the provision prohibiting special and local legislation is not identical to the equal-protection clause, it supplements the equal protection clause (*Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 194, 106 N.E.2d 124, 132), and the two provisions are generally judged according to the same standards. *Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 422, 367 N.E.2d 1325, 1329.

■■ The reasoning employed by the *Rincon* court shows that the different methods of review based on population set forth in sections 5 and 8 of article VII are rational in light of the desirability of accommodating the efficient administration of justice in liquor licensing matters in large and small municipalities. We therefore conclude that sections 5 and 8 of article VII are not violative of equal protection.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McGILLICUDDY and WHITE, JJ., concur.

---

[1] The relevant portion of section 5 of article VII refers to section 8 of article VII. It provides that appeals to the local license appeal commission by a licensee in cases involving revocation or suspension of a liquor license where the licensed premises are located within a municipality with 500,000 or more inhabitants shall be upon certified record of proceedings of the local liquor commissioner in accordance with the provisions of section 8 of article VII.